**EAGLES et al. v. UNITED STATES.**

Court of Appeals of District of Columbia.

Submitted March 6, 1928.   Decided April 2, 1928.

Petitions for Rehearing Denied April 21, 1928.

No. 4671.

1. Criminal law ⟐631(6)—Serving on one accused of homicide list of jurors assigned for criminal cases, though two were excused and panel exhausted, held sufficient (18 USCA § 562).

In prosecution for murder, requirement of Rev. St. § 1033 (18 USCA § 562), that copy of list of jurors be delivered to accused two days before trial *held* satisfied by serving list of jurors assigned for trial of criminal cases, notwithstanding that two members of criminal panel were excused, panel exhausted before jury was selected, and jurors called from civil court to complete jury, where it was not charged that any member of selected jury was disqualified or individually objected to, or that accused exhausted peremptory challenge, in view of Code, §§ 204, 209 and law rule 50, Rules Supreme Court D. C. 1926.

2. Criminal law ⟐369(15)—Evidence that pistols found near place of shooting were obtained by accused in previous robberies held admissible to identify accused as owners.

In prosecution for murder, evidence that pistols found near place where shooting occurred had been obtained by accused in robberies before homicide *held* admissible to identify accused as owners of pistols at time of homicide, especially in view of instruction that testimony was admitted for that purpose only.

**3. Homicide ⊗▸166(4), 169(4)—In prosecution for murder of police officer, evidence that accused possessed stolen articles held admissible to show motive and concert of action in resisting arrest.**

In prosecution for murder of police officer, evidence that accused at time of homicide were in possession of articles taken in robberies a short time before *held* admissible to prove motive to forcibly resist arrest, and to prove concert of action in, offering such resistance.

**4. Criminal law ⊗▸369(3)—In prosecution for murder of policeman, evidence that accused possessed stolen articles held admissible as showing cause for arrest without warrant.**

In prosecution for murder of police officer, evidence that accused at time of homicide were in possession of articles taken in robberies a short time before *held* admissible, as tending to prove basis of probable cause for arrest of defendants by police officers without warrant.

**5. Criminal law ⊗▸369(2)—Admission of testimony of prior crimes held not error, unless it has no legitimate bearing on question at issue and is calculated to prejudice accused.**

In prosecution for murder, admission of testimony relating to prior crimes of robbery will not be held error, on ground that it inflamed prejudice of jury, because of unnecessary detail, unless it manifestly appears that testimony has no legitimate bearing on question at issue, and is calculated to prejudice accused, since trial judge has certain discretion in admitting such evidence.

**6. Criminal law ⊗▸823(17)—Instruction held not erroneous, as permitting conviction of murder without proving deliberate and premeditated malice, in view of other instructions.**

In prosecution for murder, instruction that murder must always be done with malice, and that act must be purposely or willfully done, not in sense that defendant's intent is necessarily to kill deceased, but that natural probable consequence of what they did and way they did it was to kill him, *held* not erroneous, as charging that accused might be guilty of first degree murder, if they killed deceased without deliberate and premeditated malice, especially in view of other instructions given.

Appeal from the Supreme Court of the District of Columbia.

Nicholas Lee Eagles and others were convicted of murder, and they appeal. Affirmed.

W. J. Lambert, R. H. Yeatman, and May T. Bigelow, all of Washington, D. C., for appellant Procter.

C. P. Grant, M. F. O'Donoghue, and R. R. Hilton, all of Washington, D. C., for appellant Moreno.

S. G. Lichtenberg and L. D. Tanenbaum, both of Washington, D. C., for appellant Eagles.

Peyton Gordon and J. J. O'Leary, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, Eagles, Moreno, and Procter, together with one John Falls McCabe, were indicted and tried upon a charge of murder in the first degree for the death of Police Officer Leo W. K. Busch. McCabe was acquitted by the verdict of the jury. The three appellants were convicted, and the death sentence was imposed upon them. They have brought this appeal.

The testimony discloses that on the night of September 25, 1926, McCabe came into Washington driving a Chevrolet car, and by chance fell into the company of Procter. Both did some drinking, and McCabe became quite drunk. They finally stopped the car in front of Eagles' residence, and Procter went in, leaving McCabe lying in the car. Eagles, Procter, and Moreno afterwards came out, and Procter drove the car, with McCabe still in it, first into Virginia with the intention of "hi-jacking," but, failing to meet with any liquor car, they next returned and drove out upon the Baltimore pike for purposes of robbery. Each of the appellants was armed with a pistol. They first held up a Buick car on the pike, and robbed its sole occupant, one Solari, taking various articles from his person. They then abandoned the Chevrolet car and drove off in Solari's Buick. They next held up another automobile, occupied by four persons, whom they robbed, and then returned toward Washington. On the way back they abandoned the Buick car, and stole an automobile from a neighborhood garage, and drove it into the city. After reaching the city, one of the tires went flat, and they decided to go to a taxi phone station and order a taxicab to come for them. It was then almost 4 o'clock in the morning.

As the appellants and McCabe were standing near the phone station, two police officers, namely, Busch and Ach, approached and asked what they were doing there at that time in the morning. The men replied that they were returning from Baltimore and that their car had broken down near by. The police officers had been informed by headquarters of the robberies committed on the Baltimore pike, together with a description of the perpetrators, and were under instructions to look out for them. The officers proposed to go with the men to see their car, and on the way they became convinced that these were the criminals, and undertook to

place them under arrest. Thereupon at a concerted signal the appellants fired upon the officers, and shot both of them down before they could draw their weapons. The officers then succeeded in returning the fire of appellants, who scattered and made their escape. Busch died of his wounds two days later, and Ach, though seriously wounded, recovered. The four men were afterwards captured, and all but McCabe were convicted.

We have examined the record with the care which the character of the case demands, and we fail to find any substantial error in it to the prejudice of any of the appellants. [1] Error is assigned as to the manner of impaneling the jury at the trial. It is provided by section 1033, U. S. Rev. St. (18 USCA § 562), that when any person is indicted of a capital offense a copy of the list of the jurors shall be delivered to him at least two entire days before the trial. It appears that the "list of the jurors" which was delivered to the accused in this case contained the names of all jurors assigned to serve in the criminal division of the lower court, but not of those assigned to serve in the civil division of the court. It appears that two members of the criminal panel were excused by the court, and the panel was exhausted before a jury was selected. Jurors were then called from the civil court, and the jury was completed. We think that the statutory requirement for service of a copy of the jurors upon the accused at least two days before the trial was satisfied by serving the list of jurors assigned for the trial of criminal cases. It is not charged that any member of the selected jury was disqualified, or was individually objected to, nor that any one of the appellants exhausted his peremptory challenges in the selection of the jury. See Horton v. U. S., 15 App. D. C. 310, 319; Milano v. U. S., 40 App. D. C. 379; Stewart v. U. S. (C. C. A.) 211 F. 41; D. C. Code, §§ 204, 209; law rule 50, Rules Supreme Court D. C. (1926).

[2] Testimony was admitted at the trial to prove that certain of the pistols found near to the place where the shooting occurred had been obtained by the accused in two separate robberies perpetrated by them in Virginia several weeks before the homicide. This is assigned as error. We think, however, that the testimony was competent to identify the accused as the owners of the pistols at the time of the homicide. The court carefully instructed the jury that the testimony was admitted for that purpose only, and that the fact, if such appeared, that a separate prior

crime was involved in the procurement of the pistols by the accused "has got absolutely nothing whatever to do with the question of whether they are guilty of this crime that is charged against them here." The court added that, "if their transaction had consisted of buying a gun from a gunsmith in Alexandria, it would have been permitted just exactly the same; you are concerned with the possession of the weapons, and not the title by which they were acquired."

[3, 4] Testimony was admitted at the trial to prove that the accused at the time of the homicide were in possession of the articles taken from the persons who were robbed upon the Baltimore pike. This also is assigned as error. We think the testimony was competent to prove motive on the part of the accused to forcibly resist arrest, McHenry v. United States, 276 F. 761, 51 App. D. C. 119, 34 A. L. R. 1109; also to prove concert of action on their part in offering such resistance; moreover, it tended to prove the basis of probable cause for the arrest of the appellants by the police officers without a warrant.

[5] Appellants charge that the testimony relating to the prior crimes went into unnecessary details, and thereby tended to inflame the prejudice of the jury against them. We think the record does not sustain this charge. Moreover, "where the question relates to the tendency of certain testimony to throw light upon a particular fact, or to explain the conduct of a particular person, there is a certain discretion on the part of the trial judge, which a court of errors will not interfere with, unless it manifestly appear that the testimony has no legitimate bearing upon the question at issue, and is calculated to prejudice the accused in the minds of the jurors." Moore v. United States, 150 U. S. 57, 60, 14 S. Ct. 26, 37 L. Ed. 996.

[6] The court instructed the jury in part as follows, to wit:

"The jury was instructed that, if the jury find, beyond a reasonable doubt, that any of the defendants, purposely and of deliberate and premeditated malice, shot at either Officer Busch or Officer Ach, with the intention of killing either Office Busch or Officer Ach, and then and thereby inflicted upon Officer Busch a wound of which Officer Busch died, your verdict should be that such defendant is guilty of murder in the first degree. And if the jury further find that any other or others of the defendants was (or were) present at such shooting, and then and there purposely and of deliberate and premeditated malice intentionally aided and

abetted or incited or connived at such shooting, such other defendant or defendants, so aiding, abetting, inciting, or conniving, is (or are) also guilty of murder in the first degree."

At another point in the charge the court said:

"Of course, the act must be purposely done, which is willfully done. Not in the sense that these men must have intended necessarily to kill Busch, not that they intended to kill Busch, but the natural, probable consequence of what they did and the way they did it was to kill Busch. And murder must always be done with malice, any kind of murder; murder in the first degree with malice deliberate and premeditated."

Appellants contend that the latter instruction is erroneous, and in effect charges that the accused might be found guilty of murder in the first degree if they killed Busch without deliberate and premeditated malice. We think, however, that this is an incorrect interpretation of the instruction, and that, when it is taken in connection with its context, the instruction plainly signifies that the jury should not convict any of the accused of murder in the first degree, in the absence of proof of deliberate and premeditated malice, and the jury could not have failed so to understand it. We find the instructions given by the court to the jury to be full and correct in every particular, and that no error intervened in the court's rejection of instructions requested by the defendants.

There are many assignments of error presented by appellants, which seem to require no separate comment, and upon the entire record we hold that the judgment of the lower court should be and it is affirmed.