## ZEREGA v. UNITED STATES.

Court of Appeals of District of Columbia.
Submitted April 2, 1929. Decided
May 6, 1929.

Petition for Rehearing Denied May 25, 1929.

No. 4887.

Harry T. Whelan and Wm. B. O'Connell, both of Washington, D. C., for appellant.

Leo A. Rover, and W. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellant, defendant below, was convicted in the Supreme Court of the District under an indictment containing nine counts.

Counts 1, 2, and 3 charged him, in varying forms, with unlawfully setting up and keeping a "gaming table" or "gambling device" adapted, devised, and designed "for the purpose of playing games of chance for money and property, to wit, games of betting and wagering money and property, upon the results of horse races."

Count 4 charged that he knowingly permitted such gaming table to be set up "for the purpose of betting and wagering money and property upon the results of horse races."

The fifth count charged that he "did unlawfully bet and gamble and wager money upon the result of a race of horses," etc.

The sixth, seventh, and eighth counts charged, in varying forms, that he "did set up and keep a certain gaming table * * * for the purpose of betting and wagering money and property upon the results of a game of cards commonly known as and called blackjack."

The ninth count charged him with unlawfully permitting to be set up and used a gaming table "for the purpose of betting and wagering money and property upon the results of a game of cards commonly known as and called blackjack."

He was convicted on all counts; and sentenced to be imprisoned for the period of one year and six months on counts 1, 2, 3, 6, 7, and 8; and to the Washington Asylum and Jail for a period of six months on counts 4 and 9; and 90 days on count 5 of the indictment; *the sentences to run concurrently.*

At the trial three police officers testified to having arrested the defendant on the 17th day of February, 1928, at 913 E Street N. W., his home. The testimony indicates that the defendant occupied the second floor of the building. The officers entered the hall on the first floor, went upstairs, and, finding the door of defendant's place unlocked, entered. "Zerega was sitting at a blackjack table, dealing blackjack and there was considerable silver on the table." There was a telephone operator in the 'phone booth. Zerega, questioned, "stated that he was running the whole place; that he usually used it only for taking bets on the horses." Two other witnesses, who were in the place at the time of the arrest, testified to the effect that they were there for the purpose of making a bet on a horse race. One testified that at the time he placed a bet "he was pretty sure it was with the defendant; the defendant was behind the booth with ear ''phones on; and that thereafter the defendant left the booth and went to the blackjack table and started to deal in the blackjack game; and was so engaged when the police came in."

It appeared that the officers had a warrant of arrest, which on its face showed that a police officer by the name of Cox had made oath before the presiding judge of the police court of the District of Columbia that the defendant on a day named did set up, use, and permit to be used, a gaming table in his premises. Counsel for the defendant offered to show that the warrant was void because Cox did not appear before the presiding judge of the police court of the District of Columbia, or any other magistrate authorized to issue warrants, but that, on the contrary, he appeared "before a deputy clerk of the Police Court of the District of Columbia and induced him to issue a warrant for the arrest of the defendant." The court declined to permit the introduction of such testimony.

At the close of the government's case, counsel for defendant moved the court to strike out all the evidence (introduced by the government without objection) "which had been obtained by the officers as a result of their entry into the premises of the defendant for the reason * * * that the warrant was not issued by a judicial magistrate after a finding of probable cause for the issuance of the warrant." The court declined to grant this motion, and defendant excepted.

■ Section 865 of the Code, by prescribing a maximum penalty of five years' imprisonment for setting up or keeping a gaming table, makes the offense a felony. See Act of March 4, 1909, 35 Stat. 1152 (Cr. Code, § 335; U. S. C., tit. 18, § 541 [18 USCA § 541]). Zerega was apprehended in the act of violating the provisions of this section. Therefore, no warrant for his arrest was necessary. Carroll v. Parry, 48 App. D. C. 453, 459.

■ It is perhaps not inappropriate to suggest that the issuance of a warrant of arrest is a judicial act which can be exercised only by an officer authorized by law. 16 C. J. 299, § 517. In Marks v. Eckerman, 57 App. D. C. 340, 23 F.(2d) 761, 56 Wash. Law Rep. 22, we held that a municipal court clerk in Ohio, having the status there of a magistrate, would be so regarded here; but the Ohio statute expressly authorizes such a clerk to issue a warrant of arrest. No such authority is conferred upon the clerk and deputy clerks of the police court of the District of Columbia. Section 54 of the Code merely provides that "the said clerk and deputy clerks shall have power to administer oaths and affirmations."

■ Counsel for defendant at the close of the Government's case also "moved the Court to require the Government to elect on which of the counts it desired the case submitted to the jury, for the reason that in view of the fact that the entire transaction took place in one room, the defendant could not be found guilty on more than one count." The motion was overruled, and an exception noted. Counsel now seek greatly to enlarge the scope of their contention by insisting that two separate and distinct offenses are charged by sections 865 and 869 of the Code, and that "as the record now stands, defendant has been found guilty of a felony, for the commission of an offense specifically described and nominated a misdemeanor." Section 869 reads, in part, as follows: "Pool selling, and so forth.—It shall be unlawful for any person or association of persons to bet, gamble, or make books or pools on the result of any trotting or running race of horses, or boat race, or race of any kind, or on any election,

or any contest of any kind, or game of base ball." Counsel for the government cites Swan v. United States, 54 App. D. C. 100, 295 F. 921, but an examination of that decision does not disclose that section 869 was considered by the court. But see Miller v. United States, 6 App. D. C. 6, 18.

Counts, 6, 7, and 8 clearly cover an offense under section 865, and the evidence justified a conviction under those counts. The sentence imposed under all the counts was less than one-third of the maximum sentence that might have been imposed under either counts 6, 7, or 8. The other counts need not be considerd. Sinclair v. United States, decided by the Supreme Court of the United States on April 8, 1929, 49 S. Ct. 268, 73 L. Ed. ——; Abrams v. United States, 250 U. S. 616, 619, 40 S. Ct. 17, 63 L. Ed. 1173.

It results that the judgment must be affirmed.

Affirmed.