## KELLEHER v. UNITED STATES.
### (No. 4999.)

Court of Appeals of District of Columbia.
Argued October 8, 1929. Decided
November 4, 1929.

T. M. Wampler, of Washington, D. C., for appellant.

Leo A. Rover and W. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appellant, defendant below, was convicted in the Supreme Court of the District under an indictment containing 23 counts, and charging appellant, Kelleher, Charles D. Payne, and another, with violations of sections 865, 866, and 869 of the District Code relating to "gaming."

The first count charges the setting up and keeping of a gaming table for use in betting on horse races.

The second count, the setting up and keeping of a gambling device, designed for the purpose of betting and wagering money upon the results of horse races.

The third count, the setting up and keeping of a place for the purpose of betting on horse races.

The twentieth count alleges the keeping of a gaming table for the purpose of betting and wagering money upon the results of card games.

The twenty-first count, the setting up and keeping of a "gambling device" for the same purpose.

The twenty-second count, the setting up and keeping of "a certain place" for the same purpose.

The fourth count charges the persons named with knowingly permitting to be set up and used a gaming table for the purpose of wagering money upon the results of horse races.

The twenty-third count, that they knowingly permitted to be set up and used a gaming table for the purpose of betting and wagering money upon the results of card games.

Counts 5 to 19, inclusive, allege specific bets on different days on the results of horse races.

Section 865 of the Code makes it a crime to set up or keep any gaming table, or any house, vessel, or place, on land or water, for the purpose of gaming or gambling, under the penalty of imprisonment for a term of not more than five years.

Section 866 provides that whoever knowingly permits any gaming table, bank, or device to be set up or used for the purpose of gaming in any house, building, vessel, shed, booth, shelter, lot, or other premises belonging to or occupied by him, or under his possession or control, shall be punished by imprisonment in the jail for not more than one year or by a fine not exceeding $500, or both.

Section 869 makes it unlawful for any person to bet, gamble, or make books or pools on the result of any trotting or running race of horses, or boat race, or race of any kind, and prescribes a punishment for violation of the provisions of the section of a fine not exceeding $500 or imprisonment not exceeding 90 days, or both.

Prior to the trial, the defendant Payne withdrew his plea of "not guilty" and entered a plea of "guilty" to counts 7 and 8 of the indictment; and a nolle prosequi was entered as to the third defendant.

Kelleher was convicted under all counts of the indictment and sentenced to the penitentiary for the period of five years on each of counts 1, 2, 3, 20, 21, and 22, the sentences to run concurrently; on counts 4 and 23, for the term of one year on each, the sentences to run concurrently with each other and concurrently with the sentences imposed on the six counts previously mentioned; on counts 5 to 19, inclusive, for the period of 90 days on each count, and a fine of $500 on each count, the sentences to run consecutively and to take effect from and including the date of expiration of the sentences imposed on counts 1, 2, 3, 20, 21, and 22.

The evidence for the government tended to show that on different occasions during the month of November, 1926, Robert L. Shivers, a Department of Justice agent, went to premises 1413 H Street Northwest, third floor, and there placed bets on horse races with appellant and his associates; that subsequently, on the 28th of December, 1926, a search warrant directed solely against defendant Charles D. Payne was procured. A search of the premises disclosed in full operation a place for gambling, with appellant and others present. A large amount of gambling equipment, books, and records were seized. Payne, who was a witness for the government, testified without contradiction that appellant's profits were approximately $25,000 a month.

The first assignment of error is based upon the motion to quash the indictment and the decision of the court overruling a demurrer to the indictment. The contention is that several different, independent offenses are joined, that several counts are bad for duplicity, and that counts charging misdemeanors are improperly joined with counts charging felonies.

Section 1024, Rev. St. (18 USCA § 557), provides that, when there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts.

In this case the court, without objection or exception, charged the jury "that the evidence in regard to specific bets is evidence in the whole case. It is evidence in regard to each count of the indictment which charges making bets on horse racing. That evidence is not confined merely to those counts where a specific bet is alleged to have been made, but to the counts with regard to keeping a place for gaming, a gaming table, or a gaming device, and permitting gaming to be done in a place under the control of the defendant." The counts of the indictment all relate to offenses under the provisions in the Code against gaming, and, as noted by the trial court, the transactions denounced in the indictment were so interrelated or, in the language of the statute, "connected together," that evidence relating to one was "evidence in the whole case."

Certain it is, therefore, that the joinder of the first group of counts was proper, and that the joinder of those counts with the other counts in the indictment was proper, unless the fact that the punishment for a single offense under the other counts was in a jail rendered it improper to join them with counts the punishment of which was in the penitentiary.

At common law the objection to the joinder of a felony and a misdemeanor in England was that the defendant would thereby lose the benefit of having a copy of the indictment and a special jury, and of making his full defense by counsel; that is not so here, and it is now held that different counts relating to the same transactions or to a series of transactions tending to one result may be joined, although the offenses are not of the same grade. State v. Lewis, 185 N. C. 640, 116 S. E. 259; Phillips v. United States (C. C. A.) 264 F. 657, certiorari denied 253 U. S. 491, 40 S. Ct. 584, 64 L. Ed. 1028; McGregor v. United States (C. C. A.) 134 F. 187; Kreuzer v. United States (C. C. A.) 254 F. 34; State v. Malpass, 189 N. C. 349, 127 S. E. 248; Commonwealth v. Riseman, 257 Mass. 254, 153 N. E. 551; Tenpenny v. State, 151 Tenn. 669, 270 S. W. 989; Edens v. Commonwealth, 142 Va. 609, 128 S. E. 555. Moreover, under section 934 of the Code, "where the sentence is imprisonment for more than one year it shall be in the penitentiary," and "cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision."

As to the contention that counts in the indictment charged more than one separate and distinct offense and are bad for duplicity, little need be said. The aggregate sentence under counts 1, 2, 3, 20, 21, and 22 was no more than might have been imposed on each count. It appearing that the first count adequately charges an offense under section 865 of the Code (Swan v. United States, 54 App. D. C. 100, 295 F. 921; Brown v. United States, 59 App. D. C. 57, 32 F.(2d) 953; Zerega v. United States, 59 App. D. C. 67, 32 F. (2d) 963), the rule applies as to those counts that a judgment imposing a single sentence on several counts of an indictment may be affirmed under one count without considering the others, if the conviction as to that count be sustained, and if the maximum punishment authorized for the offense charged in that count be not exceeded by the sentence. Zerega v. United States, 59 App. D. C. 67, 32 F.(2d) 963; Abrams v. United States, 250 U. S. 616, 619, 40 S. Ct. 17, 63 L. Ed. 1173; Sinclair v. United States, 279 U. S. 263, 299, 49 S. Ct. 268, 73 L. Ed. 692.

Since the sentence under counts 4 and 23 was to run concurrently with the sentence just sustained, we need not consider objections to those counts. As stated in appellant's brief, "counts five to nineteen inclusive, allege specific bets on different days upon horse races; being drawn under section 869 of the D. C. Code." The fifth count, which is typical of the group, alleges that Kelleher and his codefendants on, to wit, the 3d day of November, 1926, "did unlawfully bet and gamble and wager money upon the result of a race of horses, that is to say, that the said John B. Kelleher * * * then and there, unlawfully did bet and gamble and wager a certain sum of money, to wit, ten dollars, with a certain other person, to wit, one Robert L. Shivers, on the result of a certain horse race. * * *" The sufficiency of these counts is too plain to require further comment.

There is no merit in the contention that the court below erred in denying appellant's motions for a bill of particulars and to require election. In the light of the character of the offenses charged and the circumstances disclosed by the record, there was no abuse of discretion on the part of the trial court. Bass v. United States, 20 App. D. C. 232; Lorenz v. United States, 24 App. D. C. 337; Robinson v. United States, 53 App. D. C. 96, 288 F. 450; Arnstein v. United States, 54 App. D. C. 199, 296 F. 946, certiorari denied 264 U. S. 595, 44 S. Ct. 454, 68 L. Ed. 867; Mills v. United States (C. C. A.) 294 F. 77; Arnold v. United States (C. C. A.) 7 F.(2d) 867.

It next is contended that the court erred in refusing to quash the search warrant or to return the property seized. As already stated, the search warrant was issued against Charles D. Payne. Appellant, Kelleher, in his motion to quash the warrant failed to assert any interest in the property seized. He is therefore not in a position to challenge the validity of the warrant, nor to ask for the return of the property to a third person. Shields v. United States, 58 App. D. C. 215, 26 F.(2d) 993, and cases there cited. Moreover, the seized property was put in evidence without objection.

Finally, appellant contends that the judgment below is void, in that "it positively directs that the appellant be taken to the penitentiary, and there confined, when the statute under which appellant stands convicted, and under which he was sentenced, specifically provides that the imprisonment must be in the jail." In the first place, this question would not necessarily arise until the completion of the sentence of five years pronounced under the so-called felony counts of the indictment; and, in the second place, under section 934 of the Code, already referred to, the sentence under counts 5 to 19, inclusive, aggregating more than one year, must be deemed one sentence, and therefore the imprisonment thereunder must be in the penitentiary.

Other questions are suggested in the brief,

but upon examination have been found to be without merit.

The judgment therefore is affirmed.

Affirmed.