**MARINO v. ZURBRICK, District Director of Immigration.**

No. 19217.

District Court, E. D. Michigan, S. D.

Aug. 17, 1931.

Charles E. George and Walter H. Reynolds, both of Detroit, Mich., for petitioner.

Gregory Frederick, U. S. Atty., and Julian G. McIntosh, Asst. U. S. Atty., both of Detroit, Mich., for respondent.

TUTTLE, District Judge.

This is a petition filed by John Marino, a native and citizen of Italy, against the United States Immigration Director for this district, seeking a writ of habeas corpus to secure his release from imprisonment under a warrant of deportation, on the ground that such warrant was not supported by any sufficient evidence.

The warrant of deportation in question, which was issued by the Assistant Secretary of Labor, directs the deportation of this alien to Italy, the country whence he came to the United States, on the following grounds: "That he has been found managing a house of prostitution, or music or dance hall, or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather; that he has been found assisting a prostitute; and that he has been found receiving, sharing in, or deriving benefit from the earnings of a prostitute." The warrant on which the petitioner was arrested, prior to the hearing before the immigration officials preceding the issuance of the warrant of deportation, recited the charges against the petitioner in the same language as that just quoted from the warrant of deportation. The amended petition for a writ of habeas corpus alleges that "the entire record throughout contained no evidence substantiating the charge or charges sufficient to warrant under the law the deportation of this petitioner," and that "the action of the Secretary of Labor in issuing warrant of arrest and warrant of deportation are arbitrary and constitute an abuse of discretion, and are not founded on evidence in the case substantiating the charge in the warrant of arrest."

The applicable statutory provisions are found in section 155 of Title 8 of the United States Code (8 USCA § 155), which provides as follows: "Any alien who shall be found an inmate of or connected with the management of a house of prostitution * * * or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute; any alien who manages or is employed by, in, or in connection with any house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes, or where prostitutes gather, or who in any way assists any prostitute or protects or promises to protect from arrest any prostitute * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * In every case where any person is ordered deported from the United States under the provisions of this subchapter, or of any law or treaty, the decision of the Secretary of Labor shall be final."

Although the point is not raised by the petitioner, it may be observed that the first and third grounds for deportation alleged in the warrants of arrest and deportation are there recited in the alternative, following the language of the statute. While that form of averment is not, necessarily, fatally defective, at least where it appears that the alien in question was sufficiently apprised of the nature of the charges against him to enable him to make his defense thereto [Ex parte Young (D. C.) 211 F. 370; Koste-

nowczyk v. Nagle, 18 F.(2d) 834 (C. C. A. 9; Ex parte Keizo Shibata (D. C.) 30 F. (2d) 942], and, in any event, such a warrant of deportation could undoubtedly be amended so as to conform to the proofs (Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549), yet such an alternative form of statement, in a warrant of deportation, of the grounds on which the alien is ordered to be deported, does not comply with the requirements of certainty which should govern such a proceeding, and cannot be commended. Ex parte Rodriguez (D. C.) 15 F.(2d) 878. It is, however, for the reasons hereinafter stated, unnecessary to now determine whether either the warrant of arrest or the warrant of deportation here involved is insufficient in this respect, or, if so, what the result of such insufficiency would be.

Nor, in view of the conclusion hereinafter reached, is it necessary to determine whether the evidence in the record would be sufficient to support a finding that the petitioner was "managing a house of prostitution" or other place as charged in the warrant of arrest and found in the warrant of deportation. In this connection it may be pointed out that, as will be noted from the language of the statute already quoted, a finding, properly supported, that the petitioner was "connected with the management of a house of prostitution" would have justified deportation. No such charge or finding was made, and therefore it need not be considered.

Although the provision in this statute that an alien who "in any way assists any prostitute" thereby becomes subject to deportation is so broadly stated that, literally construed, its validity might be open to question, yet this provision was apparently intended by Congress to refer only to conduct of an alien in assisting a prostitute in the pursuit of her unlawful vocation and should be so interpreted. Ex parte Young (D. C.) 211 F. 370; Mita v. Bonham, 25 F.(2d) 11 (C. C. A. 9). Applying that construction of the statute here, and after careful consideration of all of the evidence in the record, a review or discussion of which would serve no useful purpose, I am fully satisfied that, even if no attention be paid to such testimony of the petitioner as is claimed by him to have been given under intimidation, by the immigration inspector questioning him, and even if the legal presumption of correctness of the findings of the Secretary of Labor be ignored, still this ground for deportation was fairly established by the evidence.

For the reasons stated, I reach the conclusion that the warrant of deportation on which the petitioner is in custody was properly issued, on a sufficient basis and in accordance with all applicable legal requirements, and that the petitioner is not entitled to the relief sought. An order will be entered accordingly.