## BROWN v. UNITED STATES.
### No. 5637.

Court of Appeals of the District of Columbia.

Argued Dec. 5, 1932.
Decided Jan. 9, 1933.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

W. M. Shea and L. A. Rover, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, defendant below, Benjamin Brown, was convicted of murder in the first degree and sentenced to death. From this judgment defendant appeals.

The single assignment relates to an alleged error in the selection of the jury. A list of the jurors composing the regular panel for the trial of criminal cases, consisting of twenty-six persons, was served upon defendant as required by law. Section 1033, R. S. (title 18, § 562, USCA). When it came to impaneling the jury, twenty-five persons whose names

were on the list were called and examined, some of whom qualified and others did not. The twenty-sixth juror, when called, did not answer. It developed upon inquiry of the United States attorney that this juror had been excused by the court on account of a death in his family. Over the exception of the defendant, other jurors were called, qualified, and sworn to try the case. It is contended that, because the United States attorney had been advised and knew of the discharge of the juror, and that fact had not been disclosed to the defendant, he is entitled to have the judgment vacated and a new trial ordered.

It is unquestionably mandatory upon the district attorney to furnish the lists of witnesses and jurors to the accused, as provided by statute (Logan v. United States, 144 U. S. 263, 304, 12 S. Ct. 617, 36 L. Ed. 429), but we think the requirement was fully discharged in the present case. It is conceded that the full list of persons composing the panel in the criminal court in which defendant was to be tried was served on him, and the mere fact that one member of the panel was excused from service by the trial justice was not prejudicial to the rights of the defendant, or can it be held to have resulted to his disadvantage in securing a fair trial.

It is insisted that defendant was put in an unfair position by reason of the alleged fact that the district attorney was advised of the discharge of the juror in advance of the trial, but this contention we think is not supported by the record. When the matter arose in court, the statement of the district attorney was in the nature of an inquiry of the court in respect of the juror's discharge. The excusing of a juror from service by the trial justice, on good cause shown, before or at the time of the trial, and before the jury has been impaneled and sworn, is not an error that will justify the reversal of the judgment.

In the case of Eagles v. United States, 58 App. D. C. 122, 124, 25 F.(2d) 546, 548, where the trial court had excused two jurors of the criminal panel, and it later became necessary to complete the jury from other branches of the court, this court in its opinion said: "It appears that two members of the criminal panel were excused by the court, and the panel was exhausted before a jury was selected. Jurors were then called from the civil court, and the jury was completed. We think that the statutory requirement for service of a copy of the jurors upon the accused at least two days before the trial was satisfied by serving the list of jurors assigned for the trial of criminal cases. It is not charged that any member of the selected jury was disqualified, or was individually objected to, nor that any one of the appellants exhausted his peremptory challenges in the selection of the jury."

There is nothing in the record in this case that differs from the situation found to exist in the Eagles Case. No disqualification of a juror subsequently drawn appears, nor does it appear that any juror was individually objected to, or that defendant exhausted his peremptory challenges in the selection of the jury. The analogy is complete.

The judgment is affirmed.