## SHETTEL v. UNITED STATES.

### No. 7456.

United States Court of Appeals for the
District of Columbia.

Decided June 10, 1940.

Walter J. Cahill and F. Joseph Donohue, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and John W. Jackson, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Submitted to GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant was convicted in the court below of a violation of the lottery laws, in managing, carrying on, and promoting a certain lottery known as the numbers game; in selling a chance in such lottery; and in possessing tickets, slips, papers and writ-

ing, designed for the purpose of playing such lottery.[1]

A police agent, under instructions from police officers, "played the numbers" with appellant on several occasions. He paid appellant with marked nickels and a marked quarter, which were given to him for that purpose by the police officers. On the day appellant was arrested, the agent, while in view ,of two police officers and a deputy marshal, purchased from appellant a chance in a lottery, and paid therefor the sum of twenty-five cents; using for that purpose the marked quarter referred to above. Thereupon, the agent left; appellant walked away, then stopped and wrote something in a notebook, replaced the notebook in his inside coat pocket, and entered a restaurant. The police officers and the deputy marshal followed appellant into the restaurant, arrested and searched him, and found upon his person the notebook and the marked coins.

■ Appellant contends that the court erred in overruling his motion to.quash the warrant of arrest and to suppress the evidence seized from appellant; which motion was made upon the ground that the warrant was illegally issued. But, even assuming the invalidity of the warrant—and we do not decide that question—the arrest and search of appellant were proper and lawful.[2] The arrest was made immediately after appellant had committed the crime for which he was apprehended. Under the applicable statute this crime was a felony.[3]

it is axiomatic that where a felony has been perpetrated, a police officer who is present at the time, or who has information in regard thereto, may arrest, without warrant, a person believed by the officer, upon reasonable cause, to be guilty of the felony.[4] Even a private citizen possesses the power to arrest if a felony is committed in his presence.[5]

■ The arrest being lawful, it was equally lawful to search appellant and to use, on the trial, the incriminating evidence found in his possession. As we said in Maynard v. United States,[6] when an officer makes a lawful arrest, even without a warrant, he may search the person of the accused for the instruments, fruits and evidences of the crime.[7] It follows that the lower court properly overruled the motion to quash and to suppress.

■ The notebook which was found upon appellant's person, following his arrest, contained the notation "3 Bow 7-25." The page containing this notation was admitted into evidence, on the theory that it was a memorandum of the chance purchased by the police agent. Appellant testified in his own behalf and denied the explanation given for the entry. It was, instead, he testified, a memorandum of a horse race bet which he was making for himself. He objected to the introduction of this evidence, and contends that it was improper and prejudicial because it tended to prove his guilt of a crime other than that for which he was on trial. The contention is

---

[1] D.C.Code (1929) tit. 6, § 151; Id. (Supp. V, 1939) § 151a.

[2] Cf. Zerega v. United States, 59 App. D.C. 67, 68, 32 F.2d 963, 964; Beard v. United States, 65 App.D.C. 231, 234, 82 F.2d 837, 840, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

[3] D.C.Code (Supp. V, 1939) tit. 6, § 151: "If any person shall within the District keep, set up, or promote, or be concerned as owner, agent, or clerk, or in any other manner, in managing, carrying on, promoting, or advertising, directly or indirectly, any policy lottery, policy shop, or any lottery, or shall sell or transfer any chance, right, or interest, tangible or intangible, in any policy lottery, or any lottery * * * he shall be fined upon conviction of each said offense not more than $1,000 or be imprisoned not more than three years, or both." See Cr.Code § 335, as amended, 18 U. S.C.A. § 541; Zerega v. United States, 59 App.D.C. 67, 68, 32 F.2d 963, 964;

Maghan v. Jerome, 67 App.D.C. 9, 10, 88 F.2d 1001, 1002.

[4] Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Beard v. United States, 65 App.D.C. 231, 235, 82 F.2d 837, 841, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382. See Zerega v. United States, 59 App.D.C. 67, 32 F.2d 963; Maghan v. Jerome, 67 App.D.C. 9, 10, 88 F.2d 1001, 1002.

[5] Davis v. United States, 16 App.D.C. 442, 454, 455.

[6] 57 App.D.C. 314, 317, 23 F.2d 141, 144.

[7] Accord: Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Marron v. United States, 275 U.S. 192, 198, 199, 48 S.Ct. 74, 72 L. Ed. 231; Beard v. United States, 65 App.D.C. 231, 235, 82 F.2d 837, 841, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

without substance. The evidence was vital to the government's case. This being true it was not inadmissible, even though it may have tended, incidentally, to prove another distinct offense.[8]

■ Appellant next contends that the court erred in excluding from the jury—upon objection by the government—persons who had "played the numbers" game within the preceding two years. We held very recently in Smith v. United States,[9] that it was well "within the judicial discretion of the judge to excuse prospective jurors on the ground stated, and it makes no difference whether the release was for cause or favor." That statement is equally applicable in the present case.

■ Moreover, while it is true, as appellant argues, that the Constitution guarantees to an accused the right to a speedy trial by an impartial jury,[10] it does not follow that the rejection of qualified persons for insufficient cause would deprive appellant of that right;[11] or that any useful or legitimate purpose would be served by remanding the case for a new trial before another impartial jury.[12] It is significant in this respect, moreover, that no claim is made that the jury, as finally constituted, was biased or prejudiced; or that appellant was deprived of a trial by an impartial jury. It is also significant that although appellant was entitled to ten peremptory challenges,[13] there is nothing in the record to show that he used any of them. Even if he had exhausted all available peremptory challenges, but still from those remaining on the panel an impartial jury had been obtained, his constitutional right would have been maintained.[14] Under these circumstances, it is apparent that appellant was not in any way prejudiced by the exclusion of these persons.

■ Appellant requested the court to instruct the jury that if it found the witnesses to be professional detectives it should receive their testimony "with a large degree of caution." The court declined so to instruct and, instead, charged the jury that in weighing the credibility of the witnesses, the jury should consider the interest which the witnesses have in the result; that where a witness has a direct personal interest in the result there is a strong temptation to color, pervert, or withhold facts; and that this rule applies both to the accused and to all other witnesses. It is now

---

[8] Cravens v. United States, 8 Cir., 62 F.2d 261, 273, certiorari denied, 289 U.S. 733, 53 S.Ct. 594, 77 L.Ed. 1481. See Witters v. United States, 70 App.D.C. 316, 106 F.2d 837, 125 A.L.R. 1031; Hood v. United States, 10 Cir., 59 F.2d 153, 154, 155; Eagles v. United States, 58 App.D.C. 122, 25 F.2d 546, certiorari denied, 277 U.S. 609, 48 S.Ct. 603, 72 L.Ed. 1013; Moore v. United States, 150 U.S. 57, 60, 14 S.Ct. 26, 37 L.Ed. 996; United States v. Sebo, 7 Cir., 101 F.2d 889, 891; Devoe v. United States, 8 Cir., 103 F.2d 584, 588, certiorari denied, 308 U.S. 571, 60 S.Ct. 84, 84 L.Ed. ——. See also, Williamson v. United States, 207 U.S. 425, 451, 28 S.Ct. 163, 52 L.Ed. 278; Means v. United States, 62 App.D.C. 118, 65 F.2d 206; Fall v. United States, 60 App.D.C. 124, 130, 49 F.2d 506, 512, certiorari denied, 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471; Johnston v. United States, 9 Cir., 22 F.2d 1, 5, certiorari denied, 276 U.S. 637, 48 S.Ct. 421, 72 L.Ed. 745.

[9] App.D.C., 112 F.2d 217. Cf. Reynolds v. United States, 98 U.S. 145, 157, 25 L.Ed. 244.

[10] U.S.Const. Amend. VI.

[11] In United States v. Cornell, 1 Cir., Fed. Cas. No. 14868, 2 Mason 91, 106, Justice Story, in denying a motion for a new trial in a murder case, said: "Even if a juror had been set aside by the Court, for an insufficient cause, I do not know that it is matter of error, if the trial has been by a jury duly sworn and impanelled, and above all exceptions. Neither the prisoner nor the government in such a case have suffered any injury." In Northern Pacific R. R. v. Herbert, 116 U.S. 642, 646, 6 S.Ct. 590, 29 L.Ed. 755, the principle of the Cornell case was adopted by the Supreme Court. See Marande v. Texas & P. Ry., 2 Cir., 124 F. 42, appeal dismissed, 197 U.S. 626, 25 S.Ct. 800, 49 L.Ed. 912; Southern Pac. Co. v. Rauh, 9 Cir., 49 F. 696, 701, 702; Spies v. Illinois, 123 U.S. 131, 168, 8 S.Ct. 22, 31 L.Ed. 80; 1 Thompson, Trials (2d Ed. 1912) § 120.

[12] Horton v. United States, 15 App.D.C. 310, 319, certiorari denied, 175 U.S. 727, 20 S.Ct. 1023, 44 L.Ed. 339.

[13] D.C.Code (1929) tit. 6, § 366.

[14] Hayes v. Missouri, 120 U.S. 68, 71, 7 S.Ct. 350, 30 L.Ed. 578; Hopt v. Utah, 120 U.S. 430, 436, 7 S.Ct. 614, 30 L.Ed. 708; Fall v. United States, 60 App.D.C. 124, 129, 49 F.2d 506, 511, certiorari denied, 283 U.S. 867, 51 S.Ct. 657, 75 L.Ed. 1471. Cf. Keady v. People, 32 Colo. 57, 74 P. 892, 66 L.R.A. 353.

contended that the court erred in refusing the instruction requested and in giving the one it did. The contention is without merit. While it is proper for a court to give an instruction such as was requested, it did not err in refusing to do so. As was said in Gassenheimer v. United States:[15] "What form such instruction shall take must depend to a large extent upon the facts and circumstances of the particular case, and be largely a matter of discretion with the presiding justice." In Lorenz v. United States,[16] the court sustained a refusal to give an instruction similar in terms to the one here requested. In our opinion, the charge of the court, as given, was eminently fair. It correctly stated the applicable rule and that was all appellant could rightfully demand. Consequently, there was no error.[17]

We have examined appellant's other assignments of error and find them to be without merit.

Affirmed.

---

[15] 26 App.D.C. 432, 446.

[16] 24 App.D.C. 337, 388, certiorari denied, 196 U.S. 640, 25 S.Ct. 796, 49 L.Ed. 631.

[17] Reagan v. United States, 157 U.S. 301, 305, 310, 15 S.Ct. 610, 39 L.Ed. 709.