## UNITED STATES v. BIDDLE et al.
### No. 7607.

District Court, E. D. Pennsylvania.

June 5, 1941.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Michael Serody and B. D. Oliensis, both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Carlo Gambino and a number of others above named were indicted for conspiracy to violate the alcohol tax laws on September 16, 1937. Gambino has filed a motion to suppress certain evidence, consisting of his automobile license, a memorandum containing personal notations, and a wallet containing other papers of an undescribed nature. The license, memorandum and wallet were taken from Gambino's person at the time of his arrest by an officer of the United States. In his motion

to suppress Gambino contends that the seizure was illegal—that it was in violation of the 4th Amendment to the Constitution of the United States in that Gambino's arrest was without warrant of any kind.

The motion to suppress must be denied.

The indictment charges Gambino and his co-defendants with violating Section 37 of the Criminal Code, Section 5440 of the Revised Statutes, Title 18 U.S.C.A. § 88.

It is well settled under Section 37 of the Criminal Code that conspiracy to commit any offense against the United States is a felony. See Brady v. United States, 6 Cir., 300 F. 540, 543; Cullen v. Esola, D.C., 21 F.2d 877, 879.

It is well settled, too, that where an officer or even a private person has reason to believe that a felony is being committed, that there is a right to arrest without a warrant and to seize evidence of crime; Billingsley et al. v. United States, 8 Cir., 16 F.2d 754. In Agnelo et al. v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409, it was held that where an officer has a probable cause for arrest that he had a right to make a search and to seize evidence. See also Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177; United States v. Kraus, D.C., 270 F. 578; United States v. Feldman, 3 Cir., 104 F.2d 255.

The following quotation from United States v. Kraus, page 582 of 270 F., supra, is particularly pertinent: "The agents had the right to search Kurtzmann's person, having properly arrested him. This has always been a recognized incident of an arrest (Weeks v. United States, supra, 232 U.S. 392, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177), and does not properly fall within the right of search and seizure at all. The officers need not stand by and see the evidence of crime carried off under their noses. The immunity from search presupposes that the evidence remains within the possessor's tenement, and it is that alone which 'the king may not enter.' The respondents need return none of these papers."

In Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34, where officers arrested the defendant for violation of the lottery laws (a felony) without warrant and seized papers and other articles on his person, the court held (page 35):

"It is axiomatic that where a felony has been perpetrated, a police officer who is present at the time, or who has information in regard thereto, may arrest, without warrant, a person believed by the officer, upon reasonable cause, to be guilty of the felony. Even a private citizen possesses the power to arrest if a felony is committed in his presence.

"The arrest being lawful, it was equally lawful to search appellant and to use, on the trial, the incriminating evidence found in his possession. As we said in Maynard v. United States [57 App.D.C. 314, 23 F.2d 141], when an officer makes a lawful arrest, even without a warrant, he may search the person of the accused for the instruments, fruits and evidences of the crime. It follows that the lower court properly overruled the motion to quash and to suppress."

In the instant case it appears that Gambino was arrested upon reasonable cause and, under the decisions cited, it is clear that there was a proper seizure of the memorandum, etc., in question.

Accordingly, the motion to suppress is denied.