**664**

## UNITED STATES v. COPLON et al.

United States District Court
S. D. New York.
Jan. 20, 1950.

See also, D.C., 89 F.Supp. 142.

Irving H. Saypol, U.S. Attorney, New York City, John M. Kelley, Jr., Raymond P. Whearty and Fred E. Strine, Special Assistants to the Attorney General, of Counsel, for plaintiff.

Archibald Palmer, New York City, attorney for defendant Coplon.

Pomerantz, Levy, Schreiber & Haudek, New York City, Abraham L. Pomerantz, New York City, of counsel, attorneys for defendant Gubitchev.

RYAN, District Judge.

Defendant Gubitchev moves under Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A., for the return or suppression of all papers, records and documents taken from him at the time of his arrest, as well as for the suppression of information procured directly or indirectly by reason of this material. This defendant also seeks either the return or suppression of all statements made by him after his arrest to employees of the government and of information acquired directly or indirectly by the government from such statements.

The co-defendant Coplon similarly moved under Rule 41(e) for this relief as to property claimed to have been illegally obtained and seized from her person at the time of her arrest. This motion was referred to me and was denied on November 17, 1949. The testimony adduced on the Coplon motion was by stipulation made part of the record of the instant motion; and additional evidence was presented by both the Government and Gubitchev.

From the testimony presented and the exhibits submitted, I now find:

(1) the arresting officer had reasonable ground for the belief that Gubitchev was guilty of a felony cognizable under the laws of the United States, at the time of his arrest on March 4, 1949;

(2) the arresting officer had reasonable ground for believing that at the time of defendant's arrest, there was likelihood of his escaping before a warrant could be obtained;

(3) defendant was the owner of certain property seized from him at the time of his arrest; particularly of those items enumerated in an inventory set forth in the affidavit of Robert J. Wirth, Special Agent of the F.B.I. sworn to on December 13, 1949, which items are designated by numbers 1 through 48.

■ I have arrived at these conclusions by reason of a number of circumstances which occurred prior to and on the night of March 4, which circumstances the arresting officer either personally observed or were brought to his attention, as supervising agent in charge of the agents, by those who were under his direction and supervision in conducting the investigation of these defendants in New York City. Among these circumstances, and I do not attempt to list all of them, are present: the official position occupied by defendant Coplon and the nature of her duties; the national origin of the co-defendant Gubitchev and his associations; the furtive and elusive tactics pursued by defendants on the night of March 4 and the observations made of both at their prior meetings; the known *modus operandi* of persons engaged in espionage, and the likelihood of their evading arrest in the future, particularly in view of the nature of the crime which the officers had reasonable ground to believe they were then committing. These circumstances are not such as would indicate to the reasonably prudent and cautious man that Gubitchev was about legitimate affairs but rather furnished reasonable ground for belief that a felony was being committed in his presence. Brineger v. United States, 338 U.S. 160, 69 S.Ct. 1302; Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34.

The search of Gubitchev's person was incidental to a lawful arrest; it was reasonable in scope and was justified by the evidence produced at the hearing. The arresting officer lawfully seized the evidence of crime found on the defendant's person. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

The government consents to the return of all the items inventoried excepting items 1 and 30; these I hold the government may lawfully retain for use as evidence. (Item 1 as described as a "Marquette Junio Diary for 1949"; item 30 consists of $125.00 contained in a white envelope" and the denominations of this currency are listed.)

Return of Suppression of Statements Made by Gubitchev:

Defendant seeks the return and suppressions of statements made by him to the agents after his arrest, before he was permitted to contact representatives of his government.

On numerous occasions the government of the United States has insisted on the right of American prisoners in a foreign country to communicate with American consular officials within a reasonable time after arrest. 4 Hackworth, Digest of International, 830 et seq. The department of State has similarly maintained this position as to foreign nationals imprisoned in this country. 4 Hackworth, supra, 836-37.

In this case it appears that the defendant was afforded that right. The "interview Log re Valentine A. Gubitchev" compiled by the agents of the F.B.I. shows the first entry to be at 10:15 p.m., March 4, 1949. While in custody, defendant was advised of his constitutional right to obtain counsel. He requested permission to get in touch with a representative of his country, for the first time at 11:03 p.m. The time between his arrest and subsequent arraignment at 4:48 a.m. the following morning was consumed with the usual incidents of an arrest of this character,— fingerprinting, photographing, search of his person and cataloguing of property found on his person. He was preliminarily arraigned before one of the judges of this court at 4:48 a.m., March 5, 1949, at which time he was again informed of his right to counsel or to consult representatives of his country in this respect. At 5:22 a.m. a telephone was made available to him and he conversed with some one at the Soviet

666

Embassy, 680 Park Avenue, New York City. He stated to the agents that no officials of his country were in the Embassy at the time, but at 6:25 a.m. Leonid Morosov, First Secretary of the Soviet Representatives to the United Nations, called on the telephone and the defendant was permitted to speak with him in Russian. At 8:40 a. m. he was permitted to see one Schacter, an attorney attached to the United Nations Secretariat. Schacter left at 8:58 a. m. and returned at 9:25 a. m. at which time he stated that he had been in contact with one Sversdoff, who had informed him that the Soviet delegation had been notified of the arrest and was taking care of the matter. It was testified that Gubitchev made no written statement and that no statement of his was stenographically reported. There was evidence that shortly after 11 p. m., Gubitchev voluntarily made some oral statements.

Gubitchev did not testify and offered no proof to contradict the testimony of the F. B. I. agents.

I find that the defendant was, in view of the hour of his arrest, permitted to contact and communicate with representatives of his government without unreasonable delay or hindrance. I find, too, that during the brief interval he was given proper care and refreshment.

I find that the defendant was afforded every right to which he was entitled: he was arraigned without undue delay; he does not claim that anything he might have said to the agents, from the time of his arrest until he contacted representatives of his government, was the result of any physical force or duress. His contention is confined to the fact that he was a foreign national and as such had a right to get in touch with his consular officials, which right he urges was denied him by the allegedly unreasonable delay. This claim is without substance; the evidence establishes the contrary.

The motion in so far as it seeks the suppression and return of all statements, records or memoranda thereof made, after his arrest, to agents of the F. B. I. is denied. The return of items 1 and 30 is also denied.