**Murdo F. MARGESON, Defendant,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6671.**

United States Court of Appeals
First Circuit.

May 26, 1966.

Daniel Klubock, Boston, Mass., with whom Paul T. Smith and Manuel Katz, Boston, Mass., were on brief, for appellant.

William E. McKinley, U. S. Atty., with whom David G. Roberts, Asst. U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant was convicted of bank robbery in violation of 18 U.S.C. § 2113(a). The robbery occurred on June 5, 1964, at the Mill Creek Branch of the Federal Loan and Building Association in South Portland, Maine. The facts and circumstances of the case are set forth adequately in the district court's opinion [1] and for that reason we shall refer to them only briefly here.

The basis of this appeal is that the trial court erred in allowing the government to introduce in evidence a pair of black shoes which the defendant was wearing on June 8, 1964, when arrested in connection with this robbery, along with testimony that their heels matched the heel prints found on the counter of the bank shortly after the robbery.[2] Defendant contends that this evidence was inadmissible against him because the shoes were unlawfully seized from his person on the day of his arrest.[3]

He challenges the seizure on the grounds (1) that his arrest was unlawful in that it was made without a warrant and without probable cause, and (2) that even if the arrest were lawful, the search and seizure were not, because (a) the

---

1. 246 F.Supp. 219 (1965).

2. There was testimony that one of the robbers had jumped onto the counter in the bank in order to get to the tellers' cages; that two shoe prints of which the heel prints were particularly discernible, were found on the counter, and that the FBI agent in charge of the investigation caused a sketch to be made of these heel prints which he compared with the heel prints on the defendant's shoes at the time of the arrest.

3. Defendant also raised this question by a pretrial motion for the return of seized property and the suppression of evidence which was denied by the district court. Subsequently, the government voluntarily returned other property seized. The only property involved in this case is the shoes. The trial court overruled defendant's objection to the admission of the shoes in evidence and to the admission of the testimony linking them to the heel prints on the counter of the bank for the reasons stated in its opinion denying defendant's pretrial motion. See fn. 1.

search was not made incidental to the arrest, and (b) the shoes were mere evidentiary material and as such were not subject to seizure.

The government admits that the shoes were seized from the person of the defendant on the day of his arrest; that the arrest was not made pursuant to a warrant and that at no time did the arresting officers have a search warrant. However, it justifies the seizure as being reasonably incident to a lawful arrest.

■■ The principal issue raised with reference to the legality of the arrest was the matter of probable cause. From a review of the evidence and for the reasons stated in its opinion,[4] we agree with the finding of the district court that the arresting officers had probable cause to believe that this defendant had committed the crime with which he was charged[5] and that the arrest without a warrant[6] was lawful. Also, from our examination of the record we are satisfied that the shoes in question were seized from the *person* of the defendant incidental to his arrest,[7] as relevant evidence of the crime and that under the facts and circumstances here this seizure was lawful. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914) (dictum); Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34, 35 (1940); Lefkowitz v. United States Attorney, 52 F.2d 52, 54 (2d Cir. 1931), aff'd, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932); United States v. Pardo-Bolland, 229 F.Supp. 473, 476–477 (S.D.N.Y.1964).

We, therefore, conclude that the district court did not err in denying defendant's pretrial motion for the return of seized property and suppression of evidence, nor did it err in admitting the shoes in evidence, along with the testimony linking them to the heel prints found on the counter of the bank.[8]

No other questions raised need be considered.

Affirmed.

---

4. See fn. 1.

5. At the time of the arrest, the arresting officers knew that (a) an automobile registered to the defendant with two men in it was seen parked near the bank about three hours before the robbery; (b) about 5:30 on the afternoon of the robbery defendant's car, in which he and a passenger were riding, was seen entering the traffic circle at Concord, New Hampshire, coming from the direction of Maine. The normal driving time from the bank to the traffic circle was about two hours; (c) the defendant had been convicted of bank robbery in Massachusetts and was on bail pending appeal, and (d) just before the arrest, the defendant was positively identified as one of the robbers by the assistant manager of the bank. The trial court found that this knowledge was more than sufficient to show probable cause.

6. The arrest was made by an FBI agent. See 18 U.S.C. § 3052 for authority of FBI agents to make arrests without a warrant. Defendant's claim that the arrest could not be validated by showing probable cause because in fact the officers were proceeding under a warrant which proved to be defective is at variance with our decision in Lawton v. Dacey, 352 F.2d 61 (1st Cir. 1965), United States v. Hall,

348 F.2d 837 (2nd Cir. 1965), cert. denied 382 U.S. 947, 86 S.Ct. 408, 15 L.Ed. 2d 355.

7. At the time of the arrest, which occurred outside a department store in Concord, New Hampshire, an FBI agent took off defendant's shoes and compared them with the sketch of the heel prints found on the counter of the bank shortly after the robbery. He noticed a similarity and stated he was seizing the shoes as important evidence and thereupon returned them to the defendant so that he would have something on his feet. Defendant wore the shoes to the Concord police station. About an hour later while at the police station the shoes were again taken from him. Defendant contends that the shoes were not seized until he was at the police station, an hour after the arrest, and this is the basis for his contention that the search was not incidental to the arrest. The district court found that the seizure of the shoes occurred at the time and place of the arrest and was, therefore, incidental to the arrest and lawful.

8. In arriving at this conclusion we find it unnecessary to decide the question of whether the shoes were instrumentalities and means by which the crime was committed.