PEOPLE v. BALLARD.

1. RAPE—ASSAULT—INTENT—QUESTION FOR JURY.
   In a prosecution for assault with intent to rape, the question of intent was one for the jury, in the absence of any explanation of the assault.

2. CRIMINAL LAW—EVIDENCE—COMPELLING DEFENDANT TO TESTIFY
   —STATUTES.
   The admission in evidence of a monthly report of paroled prisoner, signed by defendant, and found at the place of the assault within 30 minutes of the commission of the crime, is not open to the objection that defendant was compelled to testify in violation of section 12552, 3 Comp. Laws 1915.

3. SAME—PROOF OF ANOTHER OFFENSE—RES GESTÆ.
   Where such report sets out no crime for which defendant had been convicted, its admission did not constitute proof of the commission of another and distinct crime, but even if it had it was admissible as part of the res gestæ.

Error to recorder's court of Detroit; Connolly, J. Submitted October 17, 1918. (Docket No. 26.) Decided December 27, 1918.

Edward Ballard was convicted of an assault with

See notes in 19 L. R. A. 744; 62 L. R. A. 228; 48 L. R. A. (N. S.) 236.

intent to commit rape and sentenced to imprisonment for not less than five nor more than ten years in the State reformatory at Ionia.  Affirmed.

*Silas B. Spier,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Charles H. Jasnowski,* Prosecuting Attorney, and *Donald Van-Zile,* Assistant Prosecuting Attorney, for the people.

BROOKE, J.  At about 8 o'clock on the evening of August 19, 1917, the complaining witness, a little girl ten years of age, was assaulted on Ashland avenue in the city of Detroit.  The assault was perpetrated in front of a vacant lot upon which weeds three or four feet high were growing.  Her assailant dragged her into the weeds, threw her down and placed a rag or handkerchief in her mouth.  The child fought her assailant and after a short time he left her, after which, the gag being removed, she made an outcry. If the intent of her assailant was rape he left without accomplishment.  The police were at once notified and arrived at the scene of the assault at about 8:30 p. m.  One of the officers making a careful investigation of the premises discovered among the weeds about ten feet in, the child's bonnet, pocketbook, and hair-ribbon, also an envelope, closed, addressed, and stamped, but never having been mailed.  An examination of the contents of the envelope disclosed the fact that it contained a:

"Monthly report of paroled prisoner to warden," signed with the name, Edward Ballard.  Following the clue thus obtained the police arrested the defendant near the city of Monroe where he was engaged in assisting to build a bridge for the Detroit United Railway.

On the trial the child, complaining witness, not sworn, was placed upon the stand and gave a very

intelligent account of the assault, but was quite unable to identify the defendant as her assailant. Thereupon the police officer who was first upon the scene and who had made an examination of the premises where the assault occurred, was sworn and produced the envelope and inclosure above described. These were offered in evidence, and over objection of defendant were received. The two officers who effected the arrest of defendant were next sworn and both testified that defendant admitted that he had assaulted the little girl, but was unable to explain his reason for the act. Thereupon defendant's counsel made a motion for a directed verdict upon the ground that the people had failed to show any intent on the part of defendant to commit rape. The court overruled the motion, holding that the only way to determine the intent was by a consideration of the acts proven. Defendant was then placed upon the stand by his counsel and admitted the fact that the letter alleged to have been found at the scene of the assault was in his handwriting and that the signature thereto was his own. He, however, denied that he had assaulted the child or that at the time or after his arrest he had admitted to the officers his guilt. After the charge a verdict of guilty was returned and defendant was sentenced to Ionia prison for from five to ten years with a recommendation of ten years, which sentence he is now serving.

No exception was taken to the charge of the court and defendant by his counsel argues only two assignments of error.

"*First.* The court erred in refusing to direct a verdict of acquittal in favor of defendant, at the conclusion of the people's case, upon request of counsel for defendant.

"*Second.* That the court erred in admitting Exhibit A to be read in evidence, and in allowing the contents on the envelope, marked Exhibit A, to be read to the

jury, and in admitting the contents in evidence, marked Exhibit B, over objection of counsel for defendant."

Under the first assignment it is argued on behalf of defendant that though he threw the girl down and put a rag in her mouth he did not assault her person otherwise or attempt to do so; that no one discovered her assaulter in the act; that he was not frightened away and therefore that he did not intend to commit rape upon her. It is further urged that as he did none of the acts necessary to accomplish rape the proof is strong that he had no such intent.

We are unable to agree with this contention. Unexplained upon any reasonable hypothesis we think the facts proven were sufficient to warrant the jury in a conclusion that whoever committed the assault his original purpose was rape. The question of intent was clearly one for the jury and was submitted to them under instructions carefully guarding defendant's rights.

Touching the second assignment we are of opinion that the receipt in evidence of the envelope and contents was proper. The papers were discovered within 30 minutes of the commission of the crime at the very point where it was committed. On behalf of the defendant it is urged that the admission of said exhibit was, in effect, a breach of the statute, 3 Comp. Laws 1915, § 12552, which provides in part:

*"Provided, however,* That a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

In this behalf it is urged that the admission of the exhibits in question compelled defendant to testify himself and that another distinct crime was proven against him by his admissions in this report. While

the report discloses the fact that the defendant was a paroled prisoner, it sets out no crime for the commission of which he had theretofore been convicted. We do not think that the admission of the report constituted proof of the commission of another and distinct crime, but even if it had constituted such proof it was clearly admissible as a part of the *res gestæ.*

Judgment is affirmed.

BIRD, MOORE, STEERE, FELLOWS, and STONE, JJ., concurred with BROOKE, J.

OSTRANDER, C. J., and KUHN, J., concurred in the result.