## VARRELLA v. UNITED STATES.

### No. 732.

Municipal Court of Appeals for the District of Columbia.

Feb. 17, 1949.

Joseph C. Turco, of Washington, D. C. (Norman S. Bowles, Jr., of Washington, D. C., on the brief), for appellant.

L. Clark Ewing, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty. and John D. Lane, Asst. U. S. Atty., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant was charged with an assault and with threats,[1] both involving the complaining witness, a woman. Upon trial by the court below, sitting without a jury, he was found not guilty of making threats but was convicted of assault. On this appeal he assigns several errors, only one of which we deem it necessary to discuss, namely, that the trial court found him guilty of assault and pronounced sentence before he had had an opportunity to fully present his defense.

We have before us a stenographic transcript of the proceedings below. It shows that when the trial began at 3:25 o'clock in the afternoon the prosecuting witness and one or more other witnesses for the government, together with the defendant and several of his witnesses, were sworn. After the prosecuting witness had been examined by the assistant United States attorney and had been cross-examined by defense counsel, possibly somewhat repetitiously, the court remarked that it did not desire to interfere with any reasonable cross-examination but that it appeared that time was being wasted and that the court would adjourn at 4 o'clock until the next day. After further cross-examination, the court announced that it didn't want to hear any more testimony from the government, unless rebuttal were necessary.

Defendant was then called to the witness stand and examined briefly by his own counsel, denying both the assault and the threats, and was cross-examined more at length by the prosecuting attorney. When the prosecutor announced that he had no further questions, the court forthwith announced that it found the defendant not guilty of making threats but guilty of assault. After being informed by the prosecutor that defendant had no previous record, the court sentenced him to pay a fine of $50, or, in the alternative, to serve 30 days in jail. Counsel for defendant then said he had not heard what the decision was and when the court repeated the finding and sentence counsel immediately noted an appeal.

It is urged that defendant's counsel was deprived of the opportunity of examining him again on redirect examination and was also deprived of the opportunity to call three additional defense witnesses who had been sworn at the beginning of the trial and were waiting in the witness room. It is the government's position that such objections were waived by the failure of defendant's counsel to call them to the attention of the court at the time of trial.

The rule invoked by the government is a familiar one, namely, that points not raised in the trial court will not be considered on appeal.[2] This rule, while salutary, is subject to the equally well recognized rule that if plain error vital to a defendant has been committed it may be noted and corrected on appeal, notwithstanding the absence of objection and exception in the trial court.[3]

We have concluded that the principle of the latter rule applies in the present case. It is our opinion that defendant's counsel was not given an opportunity to raise in the trial court the points now assigned as error. In the usual trial, unless counsel themselves state that they have closed their respective cases, the court ordinarily makes inquiry on this point and also offers an opportunity for arguments to

---

[1] Code 1940, § 22—504.

[2] United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555; Depina v. United States, 78 U.S.App.D.C. 31, 137 F.2d 673; Blodgett v. United States, 8 Cir., 161 F.2d 47.

[3] Meadows v. United States, 65 App.D. C. 275, 82 F.2d 881.

be made. Here, without either of these courses being followed, the trial court immediately announced its finding of guilt against defendant. While defense counsel undoubtedly should have protested and stated he had additional witnesses, it is understandable that he might have deemed this a useless gesture once the finding of guilt had been made. Under the circumstances, we believe that the interests of justice require that the judgment be reversed and a new trial ordered.

Reversed, with instructions to award a new trial.