## DAVENPORT v. DISTRICT OF COLUMBIA.

### No. 753.

Municipal Court of Appeals for the District of Columbia.

March 24, 1949.

Rehearing Denied April 7, 1949.

Saul G. Lichtenberg, of Washington, D. C. (Griffin A. McGinn, of Washington, D. C., on the brief), for appellant.

Vernon E. West, Corp. Counsel, of Washington, D. C. (Chester H. Gray, Principal Asst. and Edward A. Beard, Asst., both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted on one charge of keeping for sale alcoholic beverages and on two charges of selling such beverages without having a license so to do. The offenses occurred at the Union Station. The sales were made to two army sergeants who paid therefor with marked money previously given them by a police officer employed by the Washington Terminal Company which operates the Union Station.

■ Numerous errors have been assigned but we consider only those argued in appellant's brief. The first of those relates to alleged error of the trial court in limiting cross examination of government witnesses. We had recent occasion to state the general applicable principles of law. In Davenport v. District of Columbia, D. C.Mun.App., 61 A.2d 486, 489, we said: "It is true that a court may not limit cross-examination upon a pertinent subject at the outset, but after a substantial exploration of the subject a judge is within his rights in limiting an examination which may become needlessly protracted." The record discloses that appellant's counsel was permitted to freely and fully cross-examine all government witnesses and we find no undue restriction or limitation of the right of cross examination. However, we consider some of the specific instances of which appellant complains. The Court sustained objections to questioning of a witness with respect to the use of "stool pigeons" and "informers." These questions were clearly objectionable. Counsel had

a right to develop the facts but had no right to demand answers the effect of which would describe other witnesses by such terms. It was not the function of this witness to characterize the actions of other witnesses. By these questions counsel was attempting to argue with the witness, as he did later argue to the jury that "a man who wears his uniform to disgrace it by being a stool pigeon is dishonorable, the lowest form of humanity."

■ Appellant also complains that his counsel was not allowed to ask one of the station police: "You had instructions to make a case on Davenport, did you not?" "You have received orders to arrest and harass Davenport at every opportunity, have you not?" How either counsel or the witness would interpret "make a case," "harass" or "every opportunity" was doubtful and the questions were improper. Immediately afterward counsel was permitted to ask: "Have you had instructions to arrest Davenport every time you saw him in the station?"

■ Appellant next complains because he was not allowed to ask the army sergeant the name of his commanding officer at Walter Reed Hospital. The Court ruled the question irrelevant and we think very properly so. Counsel stated his position to be "I have a right to examine him about anything." Obviously he had no such right. As a matter of fact counsel later was permitted to ask the question.

Appellant's claim of error with respect to his right of cross examination is devoid of merit.

■ The second assignment of error relates to the testimony of the army sergeant who on cross examination admitted that, after beginning his testimony, during the noon recess he had talked with another government witness about the case. Appellant moved that all of the witness' testimony be stricken and a juror be withdrawn. He now says the Court was in error in denying such motion, but he cites no authority for such contention. Apparently it is appellant's position that the trial court at the beginning of the trial excluded the witnesses from the courtroom, and

the conversation in question violated the order excluding witnesses. Assuming that it did, nevertheless it was within the Court's discretion to permit the witness to testify. District of Columbia v. Flagg, 42 App. D.C. 73; Holder v. United States, 150 U. S. 91, 14 S.Ct. 10, 37 L.Ed. 1010; Morrow v. United States, 7 Cir., 101 F.2d 654, certiorari denied 307 U.S. 628, 59 S.Ct. 836, 83 L.Ed. 1511.

■ The third assignment relates to the admission of testimony concerning the purchase of a bottle of whisky from appellant by Sergeant Hill. Hill was not present at the trial but Sergeant Keller testified that when he purchased one bottle Hill in his presence purchased the other bottle. There was testimony by other witnesses as to what Hill did before and after the purchase. Because Hill did not testify appellant makes the claim that the testimony of others as to what they saw Hill do constituted hearsay testimony. No authority is cited for this contention and we know of none.

The final assignment of error relates to the Court's refusal to instruct the jury that "when private police or detectives apparently act in the course of their private employment and testify, that the testimony of such witnesses, especially when uncorroborated, is open to the suspicion of bias."

This requested instruction had reference to the testimony of the members of the station police force. These officers are commissioned by the District of Columbia Government but are employed and paid by the Washington Terminal Company.

Appellant relies on District of Columbia v. Clawans, 300 U.S. 617, 630–631, 57 S. Ct. 660, 665, 81 L.Ed. 843, wherein it was said: "Common experience teaches us that the testimony of such witnesses (private police or detectives acting in their private employment), especially when uncorroborated, is open to the suspicion of bias (citations) and that their cross-examination should not be curtailed summarily (citation), especially when it has a direct bearing on the substantial issues of the case."

It will be observed that the error in the Clawans case related to summary curtail-ment of cross examination and the Court did not hold that the jury should have been instructed that the testimony of such witnesses was open to suspicion of bias. The Court cited Gassenheimer v. United States, 26 App.D.C. 432, wherein it was held that a defendant was not entitled of right to an instruction that the testimony of private detectives be received "with a large degree of caution," but that it was proper for a trial judge to call a jury's attention to the possible bias or prejudice of such witnesses. In Shettel v. United States, 72 App.D.C. 250, 113 F.2d 34, it was held not error for the trial court to refuse to instruct that testimony of private detectives be received "with great caution," and instead to instruct that the interests of witnesses should be considered in weighing their credibility. In Fletcher v. United States, 81 U.S.App.D.C. 306, 307, 158 F.2d 321, 322, it was said: "The rule in this jurisdiction for a quarter of a century has been to require that a jury be warned in the case of evidence given by a detective engaged in the business of spying for hire." That case, however, related to the uncorroborated testimony of a narcotic addict employed by narcotic agents to obtain evidence. In Cratty v. United States, 82 U. S.App.D.C. 236, 163 F.2d 844, it was held that on request a trial court is required to instruct that the testimony of an accomplice or informer be received with caution. That case also dealt with the testimony of an informer in a narcotic case.

■■ In our opinion the witnesses here involved—police officers who, though privately employed, are engaged in keeping law and order in a public place—are neither informers nor detectives engaged in the business of spying for hire and are not the type of witnesses whose testimony the court must instruct shall be received with caution. We think the rights of appellant were adequately protected by the court's instruction to the jury to determine "how much credibility you should give to the testimony of any witness," and permitting counsel for appellant to argue to the jury that the station police were "paid employees of the Washington Terminal and they better do what the Washington Termi-

nal wants them to do or they are out of a job."

A reading of the entire record convinces us that appellant received a fair trial and the conviction must stand.

Affirmed.