## DAVENPORT v. DISTRICT OF COLUMBIA.

### No. 806.

Municipal Court of Appeals for the District of Columbia.

Argued June 20, 1949.

Decided July 7, 1949.

Saul G. Lichtenberg, Washington, D. C., with whom Griffin A. McGinn, Washington, D. C., was on the brief, for appellant.

Edward A. Beard, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant Davenport was charged with violating the District of Columbia Alcoholic Beverage Control Act. Code 1940, § 25—101 et seq. The record before us contains seven informations covering transactions on August 11, 12, and 18, 1948, including four counts of keeping liquor for sale and eight of selling without a license. Trial was before a jury which found him guilty. He was sentenced to pay a fine of one thousand dollars and to serve one year in jail and upon failure to pay the fine to serve an additional year in jail on each information. The sentences were to run concurrently.

An assignment of error is based on the refusal of the trial judge to consoli-

date the counts of keeping an alcoholic beverage for sale. Appellant was charged with two separate counts of keeping liquor for sale in the transactions of August 11-12 and two on August 18th. He asserts that on both occasions there was only a single stock of liquor and so that these four counts should have been submitted to the jury as only two counts, one for each date. At the time his motion for consolidation was made at the end of the government's case, it was somewhat obscured by being mingled with a motion to consolidate the several counts of selling liquor to different individuals. The motion was overruled because made too late. The trial judge pointed out that these were separate transactions, that appellant could have asked for a bill of particulars before he went to trial, and that he could have pleaded a defective information. Since he had not done so and since the government had made out a prima facie case as to each charge, the motion was denied. We believe that as to the several counts of selling liquor, the trial judge was correct in refusing to consolidate for the reasons given. And even if it was error to refuse to consolidate the counts as to keeping liquor for sale and reduce them from four to two, as conceded by the government in its brief, it was at most harmless error and did not prejudice the rights of appellant. This is because striking the two superfluous counts would have had no effect upon the verdict, or upon the sentence imposed. In the informations containing these counts, there were valid counts which were sufficient to uphold the conviction. Further, the sentence imposed for all the charges did not exceed the maximum which the court could have imposed on any single charge since the separate sentences were made to run concurrently.[1] The rule is clear that "a judgment imposing a single sentence on several counts of an indictment may be affirmed under one count without considering the others, if the conviction as to that count be sustained, and if the maximum punishment authorized for the offense charged in that count be not exceeded by the sentence."[2]

■ Appellant argues that there was prejudicial error in the testimony of a police officer. Being asked whether he had any conversation with Davenport after he was arrested the officer replied "Yes, I—ah—I made the remark that it looks like he had been caught again * * *" This was when he was arrested on August 18th. Appellant says this testimony prejudiced him because it referred to his prior record. But there is nothing in the transcript to support such argument. The jury of course knew that defendant was being tried on seven different informations, and that some of the offenses on which he was being tried were alleged to have been committed six or seven days before. Since the officer's statement did not even remotely refer to any prior conviction of appellant, we are satisfied it could not have prejudiced him in any way.

Another group of errors claimed result from certain instructions granted or denied by the trial judge. And while we note that the judge's charge as a whole generally covered the law of the case more favorably to appellant than was perhaps justified under the circumstances, we nevertheless consider the errors charged, because of the emphasis placed thereon by appellant.

■ During the trial the government placed a number of Army servicemen on the stand who testified that they had made purchases of liquor from appellant the night of August 11-12. In cross-examination, appellant's counsel interrogated each of them as to why they went to the Union Station where they made the purchases, under whose orders they were acting, and whether they received any pecuniary or other reward for so acting. It was disclosed that they were acting under the direction of an agent of the Army Criminal Investigation Division, which in turn was cooperating with the Metropolitan and Washington Terminal Police. The Army's interest was based on a desire to prevent the illegal sale of liquor to young soldiers coming through on trains. Each witness was interrogated as to his being an "in-

---

[1] Code 1940, § 25—132, provides that persons violating the provisions of the act "shall be punished by a fine of not more than $1,000 or by imprisonment for not longer than one year or by both * * *."

[2] Kelleher v. United States, 59 App.D. C. 107, 109, 35 F.2d 877, and cases cited.

former" and each, in effect at least, admitted that he was an "informer." It was not shown that they received any compensation or reward, pecuniary or otherwise for their activities.[3]

With this before the jury, appellant's counsel requested an instruction to the effect that the testimony of these "informers" should be ignored and disregarded as being without corroboration, highly suspicious and unworthy of belief. This was denied, and we think correctly. But the trial judge did instruct the jury that "in the reception of evidence furnished by a detective or informer, if you believe these soldiers were informers, such testimony should be examined by the jury with greater scrutiny than testimony of an ordinary witness * * *."

In an earlier case, involving the same defendant charged with the same offenses as here, and in the same location, a similar request was made and denied. In that case it was in relation to privately employed police officers. On appeal, this court held that such were "neither informers nor detectives engaged in the business of spying for hire and are not the type of witnesses whose testimony the court must instruct shall be received with caution."[4] The same principle applies at least as strongly to the military personnel in this case. Accordingly, not only were the rights of appellant fully protected here but he was given an instruction more favorable than he was entitled to ask, under the law.

During oral argument before us appellant's counsel urged that the trial court had committed prejudicial error in making the following charge to the jury:

"Mr. Davenport did not take the stand, but I charge you it is his constitutional right not to take the stand if he wishes not to do so."

It is urged that the judge should have added that the fact that appellant had not taken the witness stand should not be construed in any way to his prejudice. The omitted part of the instruction is, of course, based upon the United States statute, now Section 18 U.S.C.A., § 3481, providing that a defendant may testify in his own behalf but that his failure to testify shall not create any presumption against him. The instruction in question constituted the last paragraph of the charge to the jury. Immediately thereafter the judge asked counsel whether any additional instructions were desired. Defense counsel made requests as to several other points, which were granted, but made no request or objection as to this point. Subsequently he said he had no further requests. Thus counsel for appellant had two opportunities to request correction or enlargement of the instruction and failed to do so; instead of objecting he expressed himself as satisfied. Nor did he raise the point in the assignment of errors filed in either the trial court or in his brief in this court; nor was it argued in the brief filed with us. It was advanced for the first time in the oral argument of this appeal. Nevertheless, despite this seeming waiver of the point we have considered the contention[5] and we are satisfied it has no merit and that defendant's rights were not prejudiced by what the judge said or failed to say in the charge.

In his argument to the jury, appellant's counsel made the original reference to the fact that appellant had not taken the stand. He stated that the failure to do so "is not to be used for or against him. Defendant does not have to take the stand, and no comments can be made about it." In fact, no such comments were made by the prosecutor, and it was of course after the above statement of defense counsel that the judge's statement was made to the jury. Further, appellant did not predicate his defense on a claim of innocence or a denial of having sold the liquor in question. His

[3] Whether the servicemen intended to admit that they were "informers", normally a term of opprobrium, is not in issue. They had no economic interest in the case, and were acting in the line of their military duties. Presumably a better word in the interest of accuracy would have been "informant."

[4] Davenport v. District of Columbia, D.C.Mun.App., 65 A.2d 209, 211, appeal denied by United States Court of Appeals, — F.2d —, June 23, 1949.

[5] See Varella v. United States, D.C. Mun.App., 64 A.2d 310.

counsel candidly admitted during his argument to the jury that appellant was a bootlegger and had peddled liquor at the Union Station, and predicated his entire defense upon a theory of entrapment. Among other things he said: "Usually we deny those things, but today it's admitted, and the people on trial are not Davenport, but the United States Army—the disgraceful exhibition of informers, stool pigeons in uniforms of the United States Army. That is what is on trial." Counsel claimed that Davenport had been led into violating the law by uniformed soldiers acting at the behest of the Washington Terminal Company. In accordance with this theory the trial judge in the instructions to the jury covered the law of entrapment, in language to which defendant voiced no objection. Taking all these circumstances into consideration, we have decided that no prejudicial error was committed in this connection.

We have examined the entire record with reference to other errors charged by appellant, and we are satisfied that the rights of appellant were not invaded, and that he had a trial which was fair in all respects.

Affirmed.