**Charles O. JACKSON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 1825.**

Municipal Court of Appeals for the District of Columbia.

Argued June 25, 1956.

Decided July 30, 1956.

Carlisle E. Pratt, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, were on the brief, for appellee.

Richard W. Barton, Asst. Corp. Counsel, also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

---

ROVER, Chief Judge.

Appellant was prosecuted for keeping for sale and selling alcoholic beverages without the license required by our Code 1951, § 25–109. The jury returned a verdict of guilty on both counts.

As ground for reversal the appellant urges a single assignment of error. It relates to the refusal of the trial court to declare a mistrial, when, during the prosecution's case, a police officer's testimony disclosed appellant's admission of a prior arrest for a like crime. This, the appellant contends, was prejudicial and reversible error as tending to establish his guilt of an offense other than those charged. Appellee claims the police officer's testimony was admissible, under the facts and circumstances of this case, as part of the res gestae.

The officer had participated in the arrest of the appellant. Prior testimony indicated in pertinent part that on the day in question appellant had sold to another police officer a half-pint bottle of whiskey which the latter paid for with marked bills and that other police officers, entering on the scene immediately, had arrested and searched appellant; had found the marked bills on his person and seized a quantity of whiskey, wine and beer. One of these arresting officers was then called to the stand and testified that in conversation with him the appellant had complained that the police were "giving him a hard time;" had wanted to know why the police were "picking on him" and that the police had arrested him before for selling whiskey. Coun-sel for the appellant objected and moved for a mistrial which was denied. There was further corroborating testimony before the government rested its case. The appellant did not take the stand nor offer any evidence. Nor was a limiting instruction as to the admitted testimony requested of the trial court.

■ We are in full accord with the appellant's contention that ordinarily, on a prosecution for a particular crime, evidence of another crime wholly independent of that with which a defendant stands charged, even though it be a crime of the same or similar character, is inadmissible as tending to confuse the issues, and cause unfair surprise and undue prejudice.[1] This exclusionary rule has been held, under certain circumstances, to encompass the admission of evidence tending to show prior arrest as prejudicial and reversible error, even in the face of other admissible evidence in the record substantial enough to support the verdict rendered.[2] On the other hand, under other circumstances, the admission of such evidence has been labeled "harmless error."[3]

If the testimony of the officer was erroneously admitted we would be obliged to weigh all the factors in the trial of this case below to reach a determination as to whether the error was harmless or prejudicial.[4] Suffice it to say that if this were our consideration, we would not countenance a relaxation of this important rule of fair play where the witness involved is a police officer who, we can assume, has been properly schooled in court room procedure.[5]

1. O'Brien v. United States, 69 App.D.C. 135, 99 F.2d 368, certiorari denied 305 U.S. 562, 59 S.Ct. 95, 83 L.Ed. 354; Burge v. United States, 26 App.D.C. 524; 1 Wigmore, Evidence § 57 (3d ed. 1940).

2. Hatchet v. United States, 54 App.D.C. 43, 293 F. 1010; Billings v. United States, 42 App.D.C. 413.

3. Howe v. United States, 61 App.D.C. 8, 56 F.2d 305; Packard v. United States, D.C.Mun.App., 77 A.2d 19. See Hilliard v. United States, 4 Cir., 121 F.2d 992, certiorari denied 314 U.S. 627, 62 S.Ct. 111, 86 L.Ed. 503, affirmed on rehearing, 4 Cir., 185 F.2d 454; Davenport v. District of Columbia, D.C.Mun.App., 67 A.2d 522.

4. Annotation 8 A.L.R.2d 1015 et seq.

5. Pierce v. State, 96 Okl.Cr. 276, 253 P. 2d 194; Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, 8 A.L.R.2d 1006.

However, we do not reach this consideration since we find the appellee's argument for admissibility, viz., res gestae, decisive, that there was no error in the admission of the police officer's testimony in the sort of factual situation we have before us. The stated rule is not without its qualifications. While inadmissible, purely to show either accused's guilt or the likelihood of it, evidence otherwise relevant and admissible does not cease to be so because it tends to show commission of an independent crime.[6] So it is that declarations such as those whose admissibility is questioned here could be relevant statements if they were made by the appellant upon being arrested and admissible as part of the res gestae where the arrest follows the crime quickly.[7] Such utterances are otherwise relevant and will not be excluded under the rule. The trial court could have admitted these declarations as spontaneous utterances made while the appellant's mind was still conditioned by the impact of the sudden exposure of the crime by the police. They obviously grew out of the crime.[8] Their implicit staccato quality reflects spontaneity and negatives deliberation. Logically taken together, they corroborate the other evidence indicative of the appellant's guilt of the crime charged.

The exercise of a sound discretion on the part of the trial court with regard to the admissibility of statements as part of the res gestae will be assumed and we will not invade the trial court's province in the absence of a clear showing of abuse or error.[9]

Affirmed.

---

6. Moore v. United States, 150 U.S. 57, 14 S.Ct. 26, 37 L.Ed. 996; Bruce v. United States, 8 Cir., 73 F.2d 972; Smith v. United States, 9 Cir., 41 F.2d 215, certiorari denied 282 U.S. 876, 51 S.Ct. 80, 75 L.Ed. 773; Alderman v. United States, 5 Cir., 31 F.2d 499, certiorari denied 279 U.S. 869, 49 S.Ct. 515, 73 L.Ed. 1006; 1 Wharton, Criminal Evidence 630, § 279 (12th ed. 1955).

7. Traffenstedt v. State, 34 Ala.App. 273, 33 So.2d 619; Tillison v. State, 248 Ala. 199, 27 So.2d 43, and cases cited; Williams v. State, 154 Tex.Cr.R. 388, 227 S.W.2d 224, and cases cited; State v. Saltzman, 241 Iowa 1373, 44 N.W.2d 24; People v. Ballard, 204 Mich. 58, 169 N.W. 844; People v. Kehoe, 253 App.Div. 762, 300 N.Y.S. 1185, affirmed 278 N.Y. 518, 15 N.E.2d 673.

8. 20 Am.Jur., Evidence, § 662; 22 C.J.S., Criminal Law, § 662.

