**UNITED STATES of America**

v.

**Thomas E. CARTER, a/k/a Thomas L. Carter, Appellant.**

**No. 71–2016.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 1973.

Mr. John P. Furman, Washington, D. C. (appointed by this Court), was on the brief for appellant.

Mr. Harold H. Titus, Jr., U. S. Atty., Messrs. John A. Terry, Kenneth Michael Robinson and Miss Ruth R. Banks, Asst. U. S. Attys., were on the brief for appellee.

Before Mr. Justice TOM CLARK * of the Supreme Court of the United States, and McGOWAN and ROBB, Circuit Judges.

PER CURIAM:

The appellant was indicted in nine counts. The first count charged that the appellant, armed with a pistol robbed Oliver J. Joy, Jr. on January 11, 1971. (22 D.C.Code §§ 2901, 3202.) The second count charged the robbery of Joy on January 11, 1971. (22 D.C.Code § 2901.) The third count alleged that the appellant assaulted Joy with a pistol on January 11, 1971. (22 D.C.Code § 502.) Counts four and five charged that on January 16, 1971 the appellant assaulted Oliver J. Joy, Jr. and Ronald Bell with a pistol. Counts six and seven alleged the armed robbery and robbery of Guadencio Vasquez on January 17, 1971. The eighth and ninth counts alleged assaults with a pistol on Guadencio Vasquez and Yolanda Vasquez on January 17, 1971. In short, the first three counts charged offenses on January 11, the fourth and fifth counts alleged offenses on January 16, and the last four counts related to offenses that occurred on January 17.

By motion pursuant to Rule 14 F.R. Crim.P. the appellant moved both before and at the commencement of trial, for separate trials on each of the three groups of counts. His motion was denied and the case went to trial before a jury on all nine counts. He was convicted on counts one and three, alleging the armed robbery of Joy and the assault on him on January 11; on counts four and five, charging the assaults on Joy and Bell on January 16; and counts six, eight and nine, charging the armed robbery of Guadencio Vasquez and the assaults on Guadencio Vasquez and Yolanda Vasquez on January 17. The appellant contends that it was error to deny his motion for separate trials.

■ We hold that it was prejudicial error to join the trial of the charges re-lating to offenses against Guadencio Vasquez and Yolanda Vasquez, on January 17, with the trial on the other counts, alleging offenses against other persons on January 11 and January 16.

At trial the government's proof was that on the night of January 11, 1971 a man entered the American Service Station on Kenilworth Avenue, N.E. in Washington, and held up and robbed the station manager, Oliver J. Joy, Jr. The robber had a .45 caliber semi-automatic pistol in his hand and was wearing a fur coat and fur hat. On January 16 at about 11:30 P.M. the same man, wearing a fur coat and fur hat, returned to the station. Seeing him, Joy drew his derringer whereupon the man "pulled out his pistol", readied it for firing by retracting and releasing the slide, "started wielding it around" and pointed it at Joy. The man then left. Joy and his assistant Ronald Bell identified the appellant as the man in the fur coat and fur hat. This in substance was the government's proof on the first five counts of the indictment.

On the other four counts of the indictment the proof for the government was that about 1:30 A.M. on January 17, 1971 two men with guns held up Guadencio Vasquez on the parking lot of a restaurant at East Capitol Street and Benning Road, N.E., in Washington. The restaurant is at least two miles from the American Service Station on Kenilworth Avenue. Vasquez was accompanied by his daughter. He testified that one of the men, wearing a fur coat and fur hat, and armed with a gun that "looked like a .38" took his money while the other man held a gun on his daughter. He identified the appellant as the man who took his money.

■ From what has been said it is apparent that the offenses at the American Service Station on January 11 and January 16 were in fact separate and distinct from, and unrelated to, the offenses on the parking lot on January 17. The scene of the January 17 offenses was dif-

* Sitting by designation pursuant to Title 28, U.S.C. § 294(a).

ferent, the victims were different, and the only common factor was that in each case the offender was a man wearing a fur coat and fur hat. There was no evidence of a common scheme or plan embracing the commission of all the offenses. Nor was the identification of the appellant by Vasquez admissible to support his identification by others as the offender at the American Service Station. That a man wears a fur coat and hat may help witnesses to identify him, but it does not establish a pattern of criminal conduct and make evidence of every offense he commits while so attired admissible in a single trial.

The government argues in its brief that there was no error since "the evidence of each offense was simple and distinct, so that the jury could not possibly have been confused". The argument misses the point, which we think obvious, that the jury must have viewed the evidence cumulatively. In other words, as a practical matter the jury must have been influenced by the sum total of the evidence, without segregating, in insulated compartments, the proof under each group of counts. No other conclusion is reasonable. Indeed, this was the view of the prosecutor who in his closing argument told the jury: "Within the same week, ladies and gentlemen, four individuals saw Thomas Carter committing criminal acts in this city. Can four people be wrong? (TR. Vol. II, p. 36) . . . It is too ironic [sic] that those three witnesses who were robbed and assaulted on different nights some three miles away from one another picked photographs of the same man on the same day, January 20 . . ." (TR. Vol. II, p. 51.)

Without prolonging this discussion, we think this case is controlled by our decisions in Drew v. United States, 118 U.S. App.D.C. 11, 331 F.2d 85 (1964); and Kidwell v. United States, 38 App.D.C. 566 (1912).

We find no merit in the appellant's attack on the photographic identification procedures followed by the police, or in his claim that the evidence was insuffi-cient to support the conviction on counts five and six.

The judgement is reversed and the case is remanded with directions to sever the trial on counts six, seven, eight and nine from the trial on the other counts.

It is so ordered.