Curtis **HARRIS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 9198.

District of Columbia Court of Appeals.

Argued Dec. 2, 1975.

Decided Dec. 8, 1976.

Thomas W. Farquhar, Washington, D.C., appointed by the court, for appellant. Clifford P. Brown, Washington, D.C., previously appointed by the court, was on the brief for appellant.

Richard W. Tynes, Jr., Asst. U .S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Stuart M. Gerson and Eugene M. Propper, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before FICKLING,* GALLAGHER, and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted of the burglary and armed robbery of a carryout restaurant.[1] He challenges those convictions on the grounds that he was prejudiced by a witness' inadvertent remark which indicated appellant had committed a similar offense on an occasion earlier than the dates of the two offenses at issue in the trial. The sole question is whether the disputed comment required the granting of appellant's motion for a mistrial. We agree with trial court's conclusion that it did not.

On June 24, 1974, four men robbed a Miles Long Sandwich Shop. Five days later, the same shop was robbed by a lone assailant. Because of the recurring robberies, the police staked out the area on the evening of July 8. Shortly befor midnight, the countergirls signaled that a robbery had just occurred. The arresting officer testified that he saw appellant enter the sandwich shop, and that he witnessed the robbery through the front window. Appellant was challenged as he left the shop, and was shot in the leg when he pointed his pistol at the officer. After a short chase, appellant was apprehended with the money taken from the carryout. He was taken back inside, and was identified by the victims.

---

* *Associated Judge* FICKLING concurs in the result.

1. D.C.Code 1973, §§ 22–1801(b); 22–2901 and –3202.

**463**

Appellant was charged with armed robbery and burglary while armed for both the June 29 and July 8 incidents.[2] The indictment made no reference to the earlier robbery of June 24. At trial the government presented four employees of the carryout and several police officers to testify that appellant had perpetrated both of the robberies with which he was charged.[3] One employee testified that she had recognied appellant when he entered the shop on July 8. When asked how she knew him, she responded: "From two previous robberies where he had robbed us before." Appellant immediately moved for a mistrial, contending that the remark irreparably prejudiced him by implicating him in an uncharged crime. The denial of that motion is the basis for this appeal. Appellant ultimately was found guilty of the July 8 offenses, but was acquitted of the June 29 charges.

■ It is fundamental to a system of criminal justice based upon a presumption of innocence that the process of adjudication must be insulated from the unrelated character traits and past conduct of the accused.[4] It is the rule that unless the circumstances fit within one of several recognized exceptions testimony regarding uncharged offenses is inadmissible. *See Wooten v. United States,* D.C.App., 285 A.2d 308 (1971).

The trial judge cautioned the jury that the witness' reference to the uncharged robbery must not be allowed to influence their adjudication of guilt. However, the court went on to say:

Testimony of [the] witness . . . that she had seen the Defendant on other occasions is admissible because it may help you in determining whether she is correct in her identification of the Defendant as the perpetrator of the July 8th and June 29th robberies.

The government contends that the instruction to the effect that testimony concerning extrinsic misconduct is admissible to establish a foundation for the witness who tenders an identification is in accordance with the principles of *Drew v. United States,* 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), and its progeny.[5] We disagree, and conclude that the remark was inadmissible.

■ The so-called "identity" exception relied upon by the government is intended to permit the introduction of evidence of patterns of events or behavior which would suggest the identity of the wrongdoer,[6] and is not by itself sufficient to allow uncharged offenses to be used to bolster the qualifications of a witness who proffers an identification. *See Robinson v. United States,* 148 U.S.App.D.C. 58, 68–69, 459 F.2d 847, 857–58 (1972). *See also United States v. Carter,* 154 U.S.App.D.C. 238, 475 F.2d 349 (1973). However, there is a more fundamental objection to the admission of the witness' apparent reference to the uncharged June 24 robbery. It is

2. Upon appellant's motion, separate trials were ordered for the two robberies. However, the severance was vacated upon the government's later motion for a single adjudication on the ground that a common witness of the two events had been found.

3. Appellant presented a defense of alibi to the June 29 charges. He further insisted that on July 8 he had just been passing the shop, that he had had no gun, and that he had fled because the officer was not in uniform and he had seen everyone else running away.

4. *See, e. g., Jackson v. District of Columbia,* D.C.Mun.App., 125 A.2d 50 (1956); *Brad-*

ley v. United States, 140 U.S.App.D.C. 7, 11–12, 433 F.2d 1113, 1117–18 (1969).

5. "Evidence of other crimes is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan . . . ., and (5) the identity of the person charged wtih the commission of the crime on trial." *Drew v. United States, supra,* 118 U.S.App.D.C. at 16, 331 F.2d at 90.

6. *See, e. g., United States v. Jones,* 155 U.S. App.D.C. 88, 476 F.2d 533 (1973). *See also Bradley v. United States, supra,* note 4, 140 U.S.App.D.C. at 14–15, 433 F.2d at 1120–21.

not enough that collateral transactions fit within one of the recognized exceptions; there must be a further showing that the introduction of such evidence is necessary, and that its potential for prejudice and confusion is outweighed by its probative value. *United States v. Gay*, 133 U.S. App.D.C. 337, 339, 410 F.2d 1036, 1038 (1969), *cert. denied*, 400 U.S. 867, 91 S.Ct. 109, 27 L.Ed.2d 107 (1970). *See Jackson v. District of Columbia*, D.C.Mun.App., 125 A.2d 50 (1956); *United States v. Wiggins*, 166 U.S.App.D.C. 121, 509 F.2d 454, 461–62 (1975); *United States v. Goodwin*, 492 F.2d 1141, 1148–51 (5th Cir. 1974).

■ There was no need for reference to the earlier offense. The witness could have testified simply that she had recognized appellant on July 8 on the basis of having seen him in the shop on two previous occasions (one of which happened to be the June 29 robbery). *See Matthews v. United States*, D.C.App., 322 A.2d 908, 910–11 (1974). The fact that both of the previous encounters had involved criminal activity added little to her ability to recognize appellant, while revelation of the full circumstances of the witness' asserted familiarity with appellant threatened confusion and prejudice. It therefore was erroneous to allow the remark to stand, even for the limited purpose of establishing identity.[7] *See Robinson v. United States, supra.*

■ Notwithstanding the error, we conclude that the convictions should be af-

firmed. We have carefully reviewed the entire record and find no reason to believe that the jury's verdicts would have been different in the absence of the challenged remark.[8] *See United States v. Lewis*, 157 U.S.App.D.C. 43, 57–58, 482 F.2d 632, 646–47 (1973). First, there was untainted testimony overpoweringly establishing appellant as the perpetrator of the July 8 robbery, which was committed under the watchful eyes of officers conducting a stakeout. Second, while the court did not strike the reference to the uncharged offense, it did take steps to limit the impact of the remark both by cautioning the prosecutor on further probing of the point, and by immediately instructing the jury that the testimony was not to be included in their deliberations on the central issue of guilt. Finally, the verdicts themselves belie any claim of prejudice. Of numerous robbery, assault, and burglary counts for both the June 29 and the July 8 incidents, appellant was convicted only of the charges pertaining to the latter episode, which culminated in his being shot as he left the sandwich shop with the stolen money. We are persuaded that the limited admission of the witness' remark was harmless error. *See United States v. Carter*, 144 U.S.App.D.C. 193, 445 F.2d 669 (1971), *cert. denied*, 405 U.S. 932, 92 S.Ct. 988, 30 L.Ed.2d 806 (1972); *United States v. Huff*, 143 U.S.App.D.C. 163, 167, 442 F.2d 885, 889 (1971). *See generally Gaither v. United States,* 134 U.S.App.D.C. 154, 172, 413 F.2d 1061, 1079 (1969).

*Affirmed.*

---

7. It should be noted that defense counsel might well decide to let such a comment go unchallenged, concluding for tactical reasons that an objection, a striking of the response, and an instruction to disregard the testimony might only highlight the fleeting reference to a total of three—rather than two—robberies.

8. The applicable standard of review involves a determination of "what effect the error had

or reasonably may be taken to have had upon the jury's decision," and reversal is warranted only "if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Kotteakos v. United States*, 328 U.S. 750, 764–65, 66 S.Ct. 1239, 1247–48, 90 L.Ed. 1557 (1946).