**Mildred J. PERRY, Petitioner,**

v.

**POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD,
Respondent.**

**No. 80-1381.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1982.

Decided Sept. 27, 1982.

Mona Lyons, Washington, D. C., for petitioner. John W. Karr, Washington, D. C., filed the briefs, for petitioner.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before MACK and PRYOR, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Petitioner, formerly an officer with the Metropolitan Police Department, contends that there is insufficient evidence in the record to support a finding by the Police and Firemen's Retirement and Relief Board [hereinafter the Board] that her employment had been terminated due to a disability not incurred or aggravated in the performance of duty. As a result of that determination, petitioner was found eligible to

receive only the disability benefits provided under D.C.Code 1973, § 4–526, rather than the more favorable provisions of § 4–527.[1] Because the Board did not make findings of fact which support the Board's ruling, we remand for further proceedings.[2]

Petitioner is disabled by multiple sclerosis. The parties agree that the condition pre-dates petitioner's employment with the police force. The central question considered by the Board was whether petitioner's pre-existing multiple sclerosis was brought out of remission by a physical injury sustained in the course of duty.[3] The Board concluded, "that the disabling condition was neither caused by, nor shown to have been aggravated by the performance of [petitioner's] duties, so as to bring her retirement within the scope of D.C.Code, § 4–527 of the Police and Firefighter's Retirement and Disability Act." However, the Board did not make findings of fact to support that conclusion.

Petitioner was appointed to the police force October 1, 1974. In March of 1977, she consulted Dr. Osborn complaining of double vision and extreme unsteadiness. A lengthy history of similar problems, including the sudden loss of sight in the right eye thirteen years earlier, caused the doctor to suspect that petitioner had multiple sclerosis. Further testing was conducted in an effort to confirm this preliminary diagnosis. The disease then entered into a period of remission and no medication was prescribed.

While on duty on August 4, 1978, petitioner was injured in an altercation with a fellow officer. Two days later she was treated at the Police and Fire Clinic for acute cervical strain. When headaches and neck pain persisted, petitioner was admitted to George Washington University Hospital on October 16, 1978. Here, for the first time, petitioner's condition was positively diagnosed as multiple sclerosis. While there is some indication in the record that petitioner returned for brief periods of limited duty with the police department in 1979 and 1980, she never resumed full-time employment. On March 26, 1980, the Board of Police and Fire Surgeons recommended that petitioner be considered for disability retirement. After hearings on April 24, 1980 and June 19, 1980, the Board found that petitioner was permanently disabled by multiple sclerosis but "that the disabling condition was neither caused by, nor shown to have been aggravated by the performance of her duties."

In pertinent part D.C.Code 1981, § 1–1509(e) provides:

Every decision and order adverse to a party to the case, rendered by . . . an agency in a contested case, shall be in writing and shall be accompanied by findings of fact and conclusions of law. *The findings of fact shall consist of a concise statement of the conclusions upon each*

---

**1.** The D.C.Code provisions for retirement for disabilities not incurred in the performance of duty and for disabilities incurred or aggravated in the performance of duty are now found at D.C.Code 1981, §§ 4–615, 616.

**2.** Petitioner also charges that the Board erred by excluding from evidence a medical report supporting petitioner's claim that the onset of her disability was causally connected to an on-the-job injury. The Board allowed the report to be made a part of the record but instructed petitioner's attorney not to summarize the contents of the report during his argument to the Board. Assuming *arguendo* that the Board erred, we find that the error was harmless beyond a reasonable doubt. *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Despite the Board's admonition at the outset of the hearing, petitioner's attorney was permitted to read from the report during his oral presentation. Furthermore, the

report is quoted in the Board's finding of fact indicating, at a minimum, that the Board considered the report in making its decision. Accordingly, we conclude that the Board's finding was not substantially swayed by the error. *See, Harris v. United States,* D.C.App., 366 A.2d 461 (1976).

**3.** We note that a recent amendment to § 4–527 "precludes disability retirement benefits based on aggravating injuries unless the pre-existing condition aggravated by the on-the-job injury was itself incurred in the performance of duty." *Hawkins v. District of Columbia,* 108 Wash.D. L.Rptr. 729, 736–37 n.11 (April 23, 1980); D.C. Code 1981, § 4–616(a). The law applicable at the time the instant case arose, however, allowed an individual who aggravated an earlier, non-duty related condition to receive retirement benefits under § 4–527.

*contested issue of fact.* Findings of fact and conclusions of law shall be supported by and in accordance with the reliable, probative, and substantial evidence. [Emphasis added.]

Instead of stating what facts it found to be established by the evidence, the Board merely summarized or restated the testimony and evidence without indicating which witness it credited or what facts it found to be established. In the case of *Newsweek Magazine v. District of Columbia Commission on Human Rights,* D.C.App., 376 A.2d 777, 784 (1977), we said:

In its "findings" the Commission often merely sets forth what the complainant's testimony was or what other witnesses said without stating it found these statements to be factual or the testimony credible. Such restatements of testimony do not constitute findings of fact by the Commission and we cannot treat them as findings. Confusion would result if an appellate court were to hold that a restatement of testimony by an administrative body constituted a finding of fact. The wording, content and omissions of the findings are controlling on appeal. The deficiencies in the findings here, as set forth in the appendix, are readily apparent on their face.

This court has admonished administrative agencies on several occasions that a reiteration of the evidence is not a finding of fact. Neither will generalized, conclusory or incomplete findings suffice. There must be a finding on each material fact necessary to support the conclusions of law. As we held in *Brewington v. District of Columbia Board of Appeals and Review,* D.C.App., 287 A.2d 532, 534 (1972), "we will continue to order that administrative agencies specify the precise findings and conclusions which support their decisions."

Statements in the findings that "____ testified that" or "in complainant's view", or "according to complainant", are not findings of fact. They fail to indicate what facts, if any, the Commission finds are established. [Citation omitted.]

It is not sufficient if "an agency merely summarizes the testimony of all the witnesses, and then (implying that the testimony in ways not particularized supports its conclusions) sets forth the ultimate conclusions of fact and law in statutory language." *Citizens Association of Georgetown, Inc. v. District of Columbia Zoning Commission,* D.C.App. 402 A.2d 36, 42 (1979), *quoting Dietrich v. District of Columbia Board of Zoning Adjustment,* D.C. App., 293 A.2d 470, 473 n.4 (1972).

Here, the Board purports to make eighteen findings of fact in support of its conclusion of law. These findings contain nothing more than a recitation of the circumstances surrounding petitioner's claim and a summary of the medical reports and testimony given by the witnesses. There is no indication as to what evidence was credited or what facts the Board found to be established by the evidence.

Whether or not petitioner carried her burden of proof or whether there is sufficient evidence to sustain the Board's findings can only be resolved in light of findings to be made by the Board. Accordingly, the cause is

*Remanded to the Board to restate its findings.*